CHARLES DURAND v. THE PEOPLE.

*Information—Omission of descriptive averments.*

An information for the statutory offense of an assault with intent to rob (Comp. L. § 7525) is not to be held bad, after verdict, for the omission of descriptive averments, if it describes the offense in the words of the statute; nor for the omission of the word "feloniously."

An information for an assault with intent to rob will lie though the person assaulted was not the actual owner of the property. Actual possession or custody is sufficient as against the wrong-doer.

Error to Superior Court of Grand Rapids. Submitted Oct. 26. Decided Jan. 5.

INFORMATION for assault with intent to rob. Respondent brings error. Affirmed.

*Frank F. Kutts* for plaintiff in error. Robbery is not committed unless the property is taken from the person or in the immediate presence of the owner: 1 Russ. on Crimes 868; *Rex v. Phipoe* 2 Leach C. C. 673; omission from the information of the word "feloniously" is a fatal defect: 2 Arch. Cr. Pl. 251; *Rex v. Pelfryman* 2 Leach C. C. 573.

Attorney General *Jacob J. Van Riper* for the People. An information for an attempt to rob may allege that it was committed upon the bailor or bailee, owner or person holding in trust for the owner: Tiff. Crim. L. 783; an indictment for an assault with intent to rob is good though the property is not set forth: 2 Wharton on Crimes § 1282; *Com v. Doherty* 10 Cush. 52; *Taylor v. Com.* 3 Bush 508; *Com. v. McDonald* 5 Cush. 365; *Josslyn v. Com.* 6 Met. 238.

MARSTON, J. The respondent was charged with having committed an offense contrary to the provisions of Comp. L § 7525, by an assault with intent to rob.

Upon the trial all evidence, except for the purpose of showing that an assault had been committed, was objected to, for the reason that none other was charged in the information.

Without attempting to specify and discuss in detail the questions presented on the argument in this court, we are of opinion that the information was sufficient and that the objection taken thereto cannot be sustained. Section 7928 provides that where the offense charged has been created by any statute, or the punishment for such offense declared by any statute, the indictment shall, after verdict, be held suffi_cient if it describe the offense in the words of the statute; and by section 7912 it is declared that no indictment shall be deemed invalid, nor the trial, judgment or other proceedings thereon be affected, by reason of the omission of the word "feloniously."

While true it is that in certain cases a more full and complete description of the offense is essential, (*People v. Olmstead* 30 Mich. 439,) yet this is not one of that class, as the omissions of descriptive averments cannot prejudice the accused. Even if a more full and descriptive charge were necessary, we are not prepared to say the present information could not be held sufficient, as some of the counts are quite full upon this point. Neither is it necessary that the person assaulted must have been the actual owner of the property intended to be taken. As against a wrong-doer an actual possession or custody of the goods would be sufficient.

The objection that the evidence did not tend to prove the offense charged is not well taken. The evidence was remarkably clear and strong.

The judgment must be affirmed.

The other Justices concurred.