### COMMONWEALTH *vs.* LOUIS WEINER.

Suffolk.     March 2, 1926. — May 24, 1926.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Robbery.*

The essence of robbery is the exertion of force, actual or constructive, against another in order to take personal property of any value whatsoever, with the intention of stealing it, from the protection which the person of that other affords; it is not affected by the state of the legal title to the goods taken; and that the force is exerted within a store or building rather than on the highway or out of doors is immaterial. Per WAIT, J.

One who, being armed with a dangerous weapon, assaulted an employee of the owner of goods and by putting him in fear took the goods from his custody, properly may be convicted of robbery on an indictment which lays the ownership of the goods in the true owner and not in the person attacked.

INDICTMENT, found and returned on December 5, 1924, charging robbery while armed, as described in the opinion.

In the Superior Court, the indictment was tried before *Lourie*, J. Material evidence and proceedings at and after the trial, and exceptions and appeal by the defendant, are described in the opinion.

*J. P. Feeney & R. Gallagher*, for the defendant, submitted a brief.

*M. Caro*, Assistant District Attorney, for the Commonwealth.

WAIT, J. Frederick W. Ives was store manager and clerk at the jewelry store of Carl H. Skinner in Boston. On the morning of August 20, 1924, in the absence of Skinner, he had taken a case containing jewelry belonging to Skinner from the store safe, placed it upon a table near the show windows, had opened the case and was about to remove a tray of jewelry from the case to the window, when the defendant with three other men entered the store. He was knocked down by one of the men, and, while the others took and carried away the jewelry, was held covered by a pistol in the hand of the defendant.

The defendant was indicted for the crime, and was placed on trial on the first count of the indictment which charged that he "being then and there armed with a dangerous weapon, to wit: a pistol, did assault and beat Frederick W. Ives, with intent to rob him, and thereby did rob and steal from the person of said Frederick W. Ives" various specified articles of valuable jewelry "of the property of Carl H. Skinner."

There was evidence in support of the facts as stated above; but no evidence of other facts in regard to the ownership, possession or custody of the jewelry was introduced. At the close of the evidence, the defendant moved that a verdict of not guilty be ordered, because (1) upon all the evidence the defendant is not guilty, and (2) upon all the evidence no robbery has been proved as set forth in the indictment. He also requested that the jury be instructed: "You cannot find the defendant guilty of the major offence charged in this indictment." He duly excepted to the refusal of the judge to direct and instruct as requested. After a verdict of guilty, he moved for a new trial on the grounds that (1) the verdict was against the evidence and the weight of the evidence; and (2) the verdict is against the law; and moved in arrest of judgment for the reasons that (1) the indictment states no offence known to the law; (2) it does not state the

offence of which he was convicted; and (3) the court has no jurisdiction of the defendant. He saved exceptions to the denial of both these motions, and claimed an appeal from the order overruling the motion in arrest of judgment.

The case is before us on the exceptions and appeal. The single contention which underlies the request and motions is, that in the absence of Carl H. Skinner no robbery could be made out upon the evidence; or, stated in another way, that an indictment which charges that by violence and with intent to rob, the property of Skinner was taken feloniously from Ives does not charge robbery.

The defendant relies chiefly upon the language of G. L. c. 277, §§ 39, 79; and upon the cases of *State* v. *Lawler*, 130 Mo. 366, and *State* v. *Morledge*, 164 Mo. 522. The cases are overruled by *State* v. *Montgomery*, 181 Mo. 19. See also *State* v. *Williams*, 183 S. W. Rep. 308. *Wright's Case*, Style, 156, does not decide that a charge of robbing the servant could not have been sustained. The language of the statutes, when read in the light of our decisions, does not sustain the contention. G. L. c. 277, § 39, defines "robbery" when used in an indictment, to mean "The taking and carrying away of personal property of another from his person and against his will, by force and violence, or by assault and putting in fear, with intent to steal"; and § 79 furnishes as a form for an indictment for robbery "in cases to which . . . [it is] applicable"; "(Under Chap. 265, § 19) — That A. B. did assault C. D. with intent to rob him, and thereby did rob and steal from the person of said C. D. (*mention the property*) of the property of said C. D."

Even without the authority given by § 79 for the use of any form of indictment authorized by law, it is manifest that the section contemplates that there may be facts which constitute the offence to which the form given may not be appropriate, and that it does not establish the form as a definition of the offence.

The grammatical construction of § 39 indicates that "the personal property of another," taken "from his person," shall belong to him; but it does not make clear the extent of his proprietary interest in it. We do not think the definition

was intended to narrow the language of *Commonwealth* v. *Clifford*, 8 Cush. 215, which declared that the property taken away must be that of the person robbed or of some third person. That case did not set out who the third person must be, but it seems that the court assumed him to be any one other than the robber; for the essential point of the decision was that an indictment which failed to set out the ownership was insufficient, and the reason given was that in the absence of such an allegation, the charge might be proved by evidence that the accused took from the victim property belonging to himself which he had the right to retake forcibly, no robbery having been committed. No case in this Commonwealth has decided that a servant in charge of a store for his employer has not such interest in the property entrusted to his protection that taking of the property with intent to steal it, by means of force exercised against him, and through putting him in fear to prevent him from protecting the employer's property and fulfilling his own duty, does not constitute robbery.

The essence of robbery is the exertion of force, actual or constructive, against another in order to take personal property of any value whatsoever, with the intention of stealing it, from the protection which the person of that other affords. *Commonwealth* v. *Humphries*, 7 Mass. 242. It is not affected by the state of the legal title to the goods taken. That the force is exerted within a store or building rather than on the highway or out of doors is immaterial.

The defendant, intending to steal goods which happened to belong to Skinner, assaulted Ives whose duty it was to protect them from thieves, put him in fear and forcibly took them away. Such an act is robbery; and the doer is properly convicted of robbery on an indictment which lays the ownership of the goods taken away in the true owner and not in the person attacked.

*Exceptions overruled.*
*Order appealed from affirmed.*