## YOUNG v. MORRALL.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—STIPULATIONS.
    Issue of whether death of plaintiff's decedent was due to assault
    and battery which was not relied upon by garnishee defendant,
    the principal defendant's insurer under tavern insurance policy,
    while defending case in the lower court and which was stipu-
    lated out of the case before submission for determination by
    lower court, may not properly be considered by the Supreme
    Court.

2. SAME—QUESTIONS REVIEWABLE—FAILURE TO RAISE A QUESTION.
    The failure to raise a question in the lower court precludes the
    Supreme Court considering it on appeal.

3. STIPULATIONS—NEGLIGENCE—ASSAULT AND BATTERY.
    Stipulation that injury was inflicted by accidental or negligent
    means while principal defendant was owner and operator of
    tavern covered by garnishee defendant's policy of insurance,
    precludes the defense of assault and battery, as the question
    of intent or wilfulness is an element of assault and battery.

4. INSURANCE—TAVERN—NEGLIGENCE—ACCIDENT—GARNISHMENT.
    Fatal injury to plaintiff's decedent, by gun not intentionally
    pointed at decedent, according to stipulation, was an accident
    arising out of hazards covered by garnishee defendant's insur-
    ance policy incident to ownership, maintenance, or use of
    tavern, a garnishee's liability existing before garnishment pro-
    ceeding was instituted.

Appeal from Muskegon; Beers (Henry L.), J.
Submitted January 13, 1960.  (Docket No. 77, Cal-
endar No. 48,462.)  Decided February 26, 1960.

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error §§ 246, 819.
[2] 3 Am Jur, Appeal and Error § 246.
[3] 50 Am Jur, Stipulations §§ 9, 17.
[4] 29A Am Jur, Insurance § 1164.

Case, originally attachment, by Beatrice Ruth Young, special administratix of the estate of James C. Young, deceased, against Olga Nina Morrall for damages under the death act arising from negligent use of firearms. Default judgment for plaintiff. Garnishment against insurer, Michigan Surety Company, a Michigan corporation, which raised policy defenses. Judgment for plaintiff. Garnishee defendant appeals. Affirmed.

*Boeschenstein, Lidke & Sanford* (*Allan S. Lidke* and *Jerome R. Sanford,* of counsel), for plaintiff.

*Clayton F. Jennings,* for garnishee defendant.

KAVANAGH, J. Plaintiff, special administratrix of the estate of James C. Young, deceased, commenced suit to recover damages from the principal defendant for the death of plaintiff's decedent. Suit was instituted by attachment against the property of principal defendant, but no personal service was obtained. However, such principal defendant appeared specially by her attorney, seeking a dissolution of the writ of attachment. An order was entered dissolving the writ. An amended declaration seeking to recover damages from the principal defendant by reason of such defendant having negligently and carelessly caused the death of plaintiff's decedent was filed. The attorney for the principal defendant entered a general appearance and an answer. Later the appearance and answer were withdrawn.

Default judgment in the amount of $11,500 was entered in said case in favor of plaintiff and against the principal defendant under date of April 23, 1959, based on count 2 of the amended declaration. This amended declaration alleged under paragraph 4 thereof as follows:

"That on November 26, 1958, plaintiff's deceased and defendant were on opposite sides of the outer liquor bar in the Maple Island Tavern in Cedar Creek township, Muskegon county; plaintiff's deceased, not being an employee of defendant, being seated on a bar stool and defendant standing on the service side of said bar. That the defendant did, then and there carelessly, negligently, handle a certain 22 caliber revolver in such a manner as to cause the same to become accidently discharged, she not pointing said gun at plaintiff's deceased intentionally."

In addition the amended declaration alleged that by reason of careless and negligent conduct on the part of defendant, said gun was discharged, striking plaintiff's decedent. It alleged the exercise of due care for his safety and freedom from contributory negligence on the part of plaintiff's decedent. It also alleged the injuries resulted in the death of plaintiff's decedent on November 28, 1958. The amended declaration further alleged loss of support for the widow and 2 children, medical, hospital, funeral and burial expenses, and loss of earnings, and claimed a judgment in the amount of $20,000.

Following entry of the judgment a writ of garnishment was issued out of the circuit court for the county of Muskegon against the Michigan Surety Company, affiant claiming that Michigan Surety Company, by virtue of policy number ML9989, insuring Olga Nina Morrall respecting operation of a tavern at 3471 Maple Island road, Muskegon county, had property, money, goods, chattels, and effects in its hands and under its custody and control belonging to the principal defendant.

Under date of April 29, 1959, general counsel for garnishee defendant filed a written disclosure denying that Michigan Surety Company was in any way or manner indebted to the said Olga Nina Morrall in any sum or amount whatever.

Attorney for plaintiff made demand for personal examination of the garnishee defendant, requesting that garnishee defendant produce before the court insurance policy number ML9989. On May 1, 1959, Michigan Surety Company filed an answer disclosing the existence of the policy, claiming the said policy was an owners', landlords', and tenants' liability insurance policy and therefore was a protection against the ordinary hazards incidental to the ownership, maintenance, and use of the aforesaid premises. Michigan Surety Company further alleged that the plaintiff's decedent was an employee of defendant Olga Nina Morrall on March 26, 1958. The answer further claimed that there was no liability under the aforesaid policy for any act, either wilful or negligent, by the defendant and insured, Olga Ninà Morrall herself.

A petition for order defining statutory issue in garnishment was filed and noticed for hearing. A motion to vacate the judgment in the principal case was then filed by Michigan Surety Company and noticed for hearing on the same date.

Michigan Surety Company in its motion to vacate judgment claimed that the court had no jurisdiction over the defendant Olga Nina Morrall because she had never been served with process in the suit; that the attachment suit was a proceeding *in rem* and that when the writ was dissolved the *res* was destroyed and the court lost jurisdiction over the defendant without personal service of the process upon her; that the attorney for defendant, by withdrawing the appearance and answer, caused jurisdiction to be lost; and that said defendant's attorney was without authority to appear for said principal defendant and without authority to accept service of process for such defendant in the suit.

The plaintiff replied to the motion to vacate judgment by asserting that a writ of attachment is also

a summons, and that the acceptance of service of the writ by the authorized attorney for the principal defendant conferred jurisdiction on the court so that a personal judgment could be entered. Principal defendant's attorney testified at the hearing on the motion that he was authorized by principal defendant to enter the general appearance and answer and to withdraw same.

Following the hearing, the motion to vacate the judgment was denied by the trial court. Appropriate order with reference to the motion to vacate was filed. The hearing on the statutory issue in garnishment was ordered to be confined to the issues raised in the writ of garnishment, the disclosure and the answer. At the hearing a stipulation was then entered between attorneys for the plaintiff and the attorney for the garnishee defendant, which provided as follows:

"It is hereby stipulated * * * that the liability of garnishee defendant to plaintiff in the above matter may be decided by the court solely on the basis of briefs submitted by the respective parties and those facts and matters of record set forth below.

"It is further stipulated that all allegations of fact contained in plaintiff's amended declaration, particularly paragraph 4 thereof, may be taken as true and admitted, together with the facts that at the time complained of principal defendant was the owner and the operator of the Maple Island Tavern and the attached insurance policy was in full force and effect.

"It is further stipulated that the court may consider in evidence for the purpose of determining the liability of garnishee defendant the transcript of the examination in court of the garnishee defendant, and the original judgment rendered against principal defendant.

"It is further stipulated that plaintiff's motion to limit the statutory issue is renewed and that the

court may consider in connection therewith the original written motion of plaintiff together with the affidavit and photostats of letters attached thereto."

The pertinent portions of the insurance agreement were as follows:

"Coverage A—Bodily Injury Liability

"To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon the insured by law for damages, including damages for care and loss of services, because of bodily injury, sickness, or disease, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the hazards hereinafter defined. * * *

"Division 2.—Premises—Operations, Owners', Landlords' & Tenants'.

"The ownership, maintenance, or use, for the purposes stated in the declarations, of premises, or property and all operations occurring during the policy period which are necessary or incidental thereto including pick-up and delivery, installation, servicing, removal, or demonstration, and accidents (except accidents due to misdelivery) which occur after completion or abandonment of operations, and arise out of pick-up or delivery operations or the existence of tools, uninstalled equipment, and abandoned or unused material. * * *

"6. Assault and Battery

"Assault and battery shall be deemed an accident unless committed by or at the direction of the insured."

This latter provision was under the definition of "hazards" and not under "exclusions." The remain-

ing provisions of the policy are the usual ones in an owners', landlords', and tenants' liability policy.
The court in its opinion found that under the terms of this policy the insurance company would have been liable to the principal defendant under the stipulated facts submitted to the court. He further found that the judgment in the principal case was based upon count 2 of the amended declaration and particularly paragraph 4 thereof, which presented a question of careless and negligent handling of a revolver causing the same to be accidentally discharged, and that the principal defendant did not point said gun at plaintiff's decedent intentionally; and that such a judgment having been obtained against her, she could maintain an action under the policy to compel the insurance company to indemnify her. He particularly found that the shooting was accidental under the stipulation and that it was entirely *dehors* this record to mention manslaughter. He, therefore, found that the Michigan Surety Company did have money in its hands subject to garnishment. Judgment in the amount of $10,000 was entered against the garnishee defendant and in favor of plaintiff.

Garnishee defendant appeals to this Court, stating the question as follows:

"Is an insurer issuing an owners', landlords', and tenants' policy insuring against the hazards necessary or incidental to the operation of the premises liable to the insured when the insured pointed a loaded revolver at another person, the revolver being discharged mortally wounding such person, and also subject to garnishment based on a judgment obtained by the administrator of the decedent's estate?

"The trial court answered 'Yes.'

"We contend the answer should be 'No.'"

It is to be noted that appellant in its statement of the question attempts to bring back into the case for consideration the assault and battery clause of the insurance policy. This defense was not before the trial court, having been stipulated out of the case by counsel for Michigan Surety Company when he stipulated that the shooting had been one of negligence and that the gun was not intentionally pointed by the principal defendant.

It is to be noted that the trial judge in his opinion indicated that reference to manslaughter conviction by counsel for garnishee defendant in his brief in the trial court was an improper fact statement, and, because of the stipulation that the shooting was accidental, the reference to manslaughter was outside the record and could not be considered.

An examination of the briefs, disclosures, records, and stipulation indicates that counsel for garnishee defendant was not relying upon this defense in the lower court, and that if he had in mind relying upon it he clearly stipulated this defense out of the case. The failure to raise a question in the lower court precludes the Supreme Court considering it on appeal. *Birmingham Park Improvement Assn.* v. *Rosso,* 356 Mich 88; *Churukian* v. *LaGest,* 357 Mich 173; *Poelman* v. *Payne,* 332 Mich 597.

The stipulated facts of an accidental or negligent injury inflicted by the principal defendant, while she was the owner and operator of a tavern and while the policy of insurance was in effect, precludes the defense of assault and battery. The question of intent and/or wilfulness is an element of assault and battery. *Tinkler* v. *Richter,* 295 Mich 396; *Cogswell* v. *Kells,* 293 Mich 541. This element has been stipulated out of the case by garnishee defendant in stipulating that Mrs. Morrall was *not intentionally* pointing the gun at plaintiff's decedent. Under the stipulated facts, the accident complained of did arise

out of hazards defined in the policy, that is, "the ownership, maintenance, or use, for the purposes stated in the declaration, of premises, or property and all operations occurring during the policy period which are necessary or incidental thereto." Clearly the reference to "incidental thereto" is to "such ownership, maintenance, or use." Since the ownership and operation of the premises as a tavern had been directly stipulated, there can be no question that liability under the policy would have occurred if the principal defendant brought an action against garnishee defendant. Therefore, even under the theory of the garnishee defendant, that such liability must exist before a garnishment can be maintained, there is liability on the part of the garnishee defendant.

The trial court was correct in finding such liability, and the judgment entered against the garnishee defendant is affirmed, with costs in favor of plaintiff.

Dethmers, C. J., and Carr, Kelly, Smith, Black, Edwards, and Souris, JJ., concurred.