PEOPLE v. SCHRADER.

1. CRIMINAL LAW—PRIVILEGE AGAINST SELF-INCRIMINATION—LINEUP.
   One charged with armed robbery is not denied his privilege against self-incrimination when he is required to participate in a police lineup and he is the only person in the lineup with a distinguishing physical characteristic (CL 1948, § 750.227).

2. SAME—RIGHT TO COUNSEL AT LINEUP—RETROACTIVE APPLICATION OF PRECEDENT.
   Right of criminal suspect to be represented by counsel at lineup, decided to be a constitutional right by the Supreme Court of the United States on June 12, 1967, is not to be given retroactive application to cases in the appellate process on that date.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 349–368.
[2, 3, 5] 21 Am Jur 2d, Criminal Law §§ 312–314.
Accused's right to assistance of counsel at or prior to arraignment.
   5 ALR3d 1269.
[4] 21 Am Jur 2d, Criminal Law § 218 *et seq.*
[6] 56 Am Jur, Weapons § 10.
Offense of carrying concealed weapon as affected by manner of carrying or place of concealment.  43 ALR2d 492.

3. Same—Prospective Application of Precedent—Right to Counsel at Lineup.

Prospective application is to be given to the rule announced by the Supreme Court of the United States that defendants are entitled to the presence of counsel at all critical stages of the pretrial proceeding, including the police lineup for identification.

4. Same—Taking Accused Before a Magistrate—Unreasonable Delay—Confession—Prejudice.

Elapse of an unreasonable time between arrest and taking of accused before a magistrate does not cause reversible error, where no confession was extracted from accused during the delay and no other prejudice resulted to defendant (CL 1948, §§ 764.12, 764.26).

5. Same—Procedural Safeguards—Prospective Application of Standards—Right to Counsel.

Failure to observe guidelines and procedural safeguards set forth by the Supreme Court of the United States of right to be advised of the right to counsel at time of being held for investigation for crime is available only to persons whose trials had not begun as of June 13, 1966, when case specifically setting forth such guidelines was decided.

6. Same—Carrying a Concealed Weapon—Evidence.

Permitting charge of carrying a concealed weapon to go to the jury *held*, reversible error, when the only evidence was that at the time of trial the defendant did not have a license to carry a concealed weapon, and there was no showing of a lack of license at the time of alleged commission of the crime (CL 1948, § 750.227).

Appeal from Recorder's Court of Detroit; Krause (Paul E.), J. Submitted Division 1 December 7, 1967, at Detroit. (Docket No. 1,998.) Decided March 25, 1968.

William Schrader was convicted of robbery armed and carrying a concealed weapon. Defendant appeals. Reversed in part and affirmed in part.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*,

Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Kenneth A. Webb,* for defendant on appeal.

FITZGERALD, J. Defendant, convicted by a jury in recorder's court for the city of Detroit of the offenses of robbery armed[1] and carrying a concealed weapon,[2] appeals to this Court on various grounds involving his arrest, incarceration, arraignment and trial. The multitudinous issues will be considered . . . *seriatim.*

The facts, as set out by defendant, are as follows:

Testimony on behalf of the people was introduced to the effect that on May 11, 1965, at about 12:15 a.m., 2 men entered a Detroit restaurant, one of them holding a pistol. They demanded that the waitress, Velva Jean Swain, give them money, and she complied. The same demand was made of a customer, Jesse Alford, and he likewise complied.

Defendant and 2 others (the third being the alleged get-away car driver) were arrested shortly after the robbery occurred. At the time of the arrest, a pistol was found under the front seat of the car in which the trio was discovered.

In the early morning hours, a series of lineups were conducted for various persons who were in or near the restaurant at the time of the robbery. The defendant was not represented by an attorney during the lineup and 2 witnesses identified defendant Schrader as being one of the robbers.

---

[1] CLS 1961, § 750.529 (Stat Ann 1965 Cum Supp § 28.797).

[2] CL 1948, § 750.227 (Stat Ann 1962 Rev § 28.424). While the information apparently charged carrying a concealed weapon, the proofs showed that the defendant was carrying a pistol in an automobile. In view of our disposition of this case, the variance is deemed immaterial.

The early portion of defendant's brief is devoted to a number of contentions regarding the lineup. Specifically, he states that he had no attorney, was not advised that he had a right not to submit to the lineup, that he was commanded to speak as a basis of identification, and was the only person in the lineup with a black eye.

Each of the issues raised by defendant is answered definitively in *United States* v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149), where, in a not entirely disparate situation, the defendant was required to put an adhesive tape on his face, speak words allegedly uttered by the robber and perform actions similar to those required of defendant Schrader. In essence, the court held that this did not violate his privilege against self-incrimination. All of defendant's basic complaints about the conduct of the lineup are covered by *Wade*.

However, defendant's contention that he was disadvantaged by having no attorney at this "critical stage" was upheld by the Supreme Court in *Wade,* but as stated by this Court in *People* v. *Wilson* (1967), 8 Mich App 651, 660:

"Defendant in the present case is not to be given relief in reliance on the *Wade* decision. On the same day, June 12, 1967, the Supreme Court of the United States also decided in the case of *Stovall* v. *Denno* (1967), 388 US 293 (87 S Ct 1967, 18 L Ed 2d 1199), that the *Wade* rule would not be given retroactive application."

It was pointed out in *Wilson, supra* (p 662), that:

"This Court is now bound to consider the Supreme Court holding in *Wade* as being conclusive of the law on the issue of the presence of counsel at the lineup and the prospective application thereof as held in *Stovall, supra.*"

Defendant contends further that an unreasonable time elapsed between his arrest and arraignment but cites no applicable law for a situation where no confession is involved. In view of this Court's pronouncement relative to pre-arraignment waiting time in *People* v. *Carlton* (1966), 5 Mich App 20, which in turn relied heavily on *People* v. *Hamilton* (1960), 359 Mich 410, utilizing appropriate quotations therefrom, we can see no merit in this allegation.

Defendant's contention regarding advice concerning right to counsel is answered by *People* v. *Fordyce* (1966), 378 Mich 208. This conviction was prior to *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974), and advice regarding counsel prior to arraignment had not been yet established.

Defendant's many citations of error yield one meritorious point. He inquires:

"Did the trial court commit reversible error when it permitted the case with respect to carrying a concealed weapon to go to the jury when the record is barren of any evidence that defendant Schrader did not have a license to carry a concealed weapon at the time of the alleged offense?"

The statute (CL 1948, § 750.227 [Stat Ann 1962 Rev § 28.424]) under which defendant was prosecuted for this count reads as follows:

"Any person who shall carry a dagger, dirk, stiletto or other dangerous weapon except hunting knives adapted and carried as such, concealed on or about his person, or whether concealed or otherwise in any vehicle operated or occupied by him, except in his dwelling house or place of business or on other land possessed by him; and any person who shall carry a pistol concealed on or about his person, or, whether concealed or otherwise, in any

vehicle operated or occupied by him, except in his dwelling house or place of business or on other land possessed by him, without a license to so carry said pistol as provided by law, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 5 years, or by fine of not more than 2,500 dollars."

It will be noted that an essential element of this statute, as regards a pistol, is "without a license to so carry said pistol as provided by law," and this in turn is a matter of proof as to the lack of a license.

The sum total of proof offered by the people relative to this particular aspect of the charge is as follows, quoting from the transcript of the trial:

"Eleanor Blaskowski, sworn by the court clerk on behalf of the people, was examined and testified as follows:

"DIRECT EXAMINATION.

"*By Mr. Laster:*
"*Q.* What is your name?
"*A.* Eleanor Blaskowski.
"*Q.* And what is your occupation?
"*A.* Clerk 3 at the county clerk's office.
"*Q.* Wayne county clerk's office?
"*A.* That is right, sir.
"*Q.* And that is for,—under the direction of Edgar M. Branigan, the county clerk?
"*A.* That is right.
"*Q.* Did you have occasion to search the records of the Wayne county clerk's office to determine whether or not William Schrader, Walter Gould and Louis Copciac had a license to carry a concealed weapon?
"*A.* Not at the present time.
"*Q.* They do not have a license?
"*A.* No sir."

It will be noted that there is no showing of a lack of a pistol license at the time of the alleged commission of the crime. In the charge to the jury, the court makes the following statement relative to this particular element of the offense:

"Now, the law provides that a person may secure a permit to carry a concealed weapon either on his person or in an automobile or a boat by making an application to the county clerk, and there is a concealed weapons board which is provided by law—composed of, I know, the county clerk, the sheriff, and I am not sure, I think the prosecutor and somebody from the prosecutor's office—and if such a license is issued, of course they can carry a concealed weapon. In the absence of such license to carry a concealed weapon or a weapon in an automobile, a gun particularly, is a violation of the statute which I just read. And as far as this particular count is concerned, I charge you that the statute, as I read it to you, is self-explanatory. I can't add much to it. You have heard me read it. It provides that anybody who carries a gun or weapon in an automobile, concealed or otherwise, in an automobile owned or occupied by him, is guilty of the crime, if he doesn't have a permit as provided by law."

In view of the complete failure of proof of this essential element of the crime, we hold that defendant was improperly convicted of the crime of carrying a concealed weapon and that, as a consequence, his sentence of 3 to 5 years in prison for that offense, which runs concurrently with the 15 to 30 years for robbery armed, is nugatory.

Other matters raised by defendant regarding misjoinder of counts, defects in the complaint, and similar matters, need not be considered in light of our decision regarding his conviction on the second

count. Other questions raised have been considered and deemed without merit.

Reversed as to conviction on the second count of carrying a concealed weapon, affirmed as to conviction on the first count of robbery armed.

Lesinski, C. J., and McGregor, J., concurred.