### PEOPLE v. GOULD

#### DECISION OF THE COURT

1. LARCENY—LARCENY FROM PERSON—POSSESSION—PRESENCE.

Taking of property in the possession and immediate presence of the person alleged to have been assaulted and from another person who was also present was sufficient to sustain a verdict against defendant of larceny from the person (MCLA § 750.357).

2. CRIMINAL LAW—CONCEALED WEAPONS—EVIDENCE.

Evidence was insufficient to go to the jury on a charge of carrying a pistol in a motor vehicle without a license when there was no showing of a lack of license at the time of the alleged commission of the crime (MCLA § 750.227).

#### SEPARATE OPINION

T. E. BRENNAN, C. J., and DETHMERS and KELLY, JJ.

3. ROBBERY—ARMED ROBBERY—LARCENY FROM PERSON—INFORMATION—INCLUDED OFFENSE.

*Conviction of larceny from the person should be sustained as an included offense where the information charged defendant*

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 50 Am Jur 2d, Larceny § 48.
[2] 56 Am Jur, Weapons and Firearms § 10.
[4] 21 Am Jur 2d, Criminal Law §§ 468, 470–472.
[5] 46 Am Jur, Robbery §§ 27–36.

*and his codefendants with armed robbery by assaulting and taking money "from the person of and in the presence of" a named person, although part of the money was taken from another person who was also present but not mentioned in the information, and the remainder from the presence of the person named, for the reasons that (1) the information adequately informed the defendant of the crime with which he was charged, the taking from all sources was all one continuous action, all parties were present at the same time and place and involved in the same criminal intent, no objection was made before or during trial that the acts against the other person were a separate offense, defendant did not claim, on appeal, that the information was defective as not supporting the verdict; and (2) the testimony would have justified the jury finding defendant guilty of the greater armed robbery charge (MCLA §§ 750.357, 750.529).*

4. CRIMINAL LAW—INDICTMENT AND INFORMATION—DEFECT—OBJECTION—REVERSAL.

*By statute no conviction shall be set aside or reversed on account of any defect in form or substance of the indictment, unless the objection to such indictment, specifically stating the defect claimed, be made prior to the commencement of the trial or at such time thereafter as the court shall in its discretion permit (MCLA §§ 767.2, 767.76).*

See headnotes 1 and 2.

SEPARATE OPINION

T. M. KAVANAGH and ADAMS, JJ.

See headnotes 1 and 2.

DISSENTING OPINION

T. G. KAVANAGH, J.

5. ROBBERY—ARMED ROBBERY—LARCENCY FROM PERSON—INSTRUCTIONS TO JURY—INDICTMENT AND INFORMATION.

*An essential element of larceny from the person is that an object be stolen from the person of another; thus, instructing a jury that it could return a verdict of an included offense of larceny from the person was reversible error where the information charged defendant with armed robbery by taking money in the presence of a named person although part of the money was taken from the person of another who was also present but not named in the information (MCLA §§ 750.357, 750.529).*

See headnote 2.

Appeal from Court of Appeals, Division 1, J. H. Gillis, P. J., and McGregor and Thorburn, JJ., reversing Recorder's Court of Detroit, Paul E. Krause, J. Submitted May 5, 1970. (Calendar No. 1, Docket No. 52,389.) Decided September 25, 1970.

15 Mich App 83 reversed in part, affirmed in part.

Walter Gould was convicted of larceny from the person and carrying a concealed weapon. Defendant appealed to the Court of Appeals. Reversed. Plaintiff appeals. Reversed in part, affirmed in part.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Hyman, Gurwin, Nachman, Friedman & Weingarden,* for defendant on appeal.

KELLY, J. The Court of Appeals briefly but adequately set forth the facts in its opinion in this case[1] in which it reversed the Recorder's Court jury conviction of defendant Walter Gould, and we quote therefrom (pp 84, 85):

"Defendant and 2 codefendants were charged on 2 counts with armed robbery and carrying concealed weapons. All 3 were convicted by a jury on the second count but on the first count one codefendant was convicted of armed robbery, the other was convicted of simple assault and defendant was convicted of larceny from the person.

"The complainant testified that shortly after midnight on May 11, 1965, 2 men entered the restaurant

[1] *People* v. *Gould* (1968), 15 Mich App 83. Appeal granted 382 Mich 774.

where she was working as a waitress. One of the men had a gun in his hand. After announcing a holdup, the 2 men forced the waitress and her sole customer to lie face down on the floor of another room and proceeded to take about $77 from the cash register and a cigar box and $7 from the wallet of the customer. The men then ran from the restaurant. Another patron, who was entering the restaurant just as the 2 men were fleeing, testified that the men ran to an automobile where a third man was waiting. He could not, however, identify any of the defendants except as to the clothing of one and the color of both.

"The waitress was able to identify one of the codefendants as the man with the gun but was unable to identify his accomplice. The customer who had been in the restaurant corroborated the testimony of the waitress as to the details of the robbery and also identified the man with the gun.

"The police were called and given the details of the robbery, including a description of the men and the car in which they escaped. This information was immediately communicated by police radio to a Detroit police cruiser. Approximately 10 minutes after the robbery, the officers in the police cruiser observed the 3 codefendants in their car and, based on the broadcast information, arrested them. A search of the car uncovered a fully loaded .45 caliber automatic pistol, 2 pairs of brown cloth gloves under the front seat, $40 in bills and $17.50 in change in the glove box. Forty dollars in bills were found in the pocket of one of the codefendants."

In regard to Count One (armed robbery), the majority opinion of the Court of Appeals stated (pp 86, 87):

"While there is testimony that money was taken from the wallet of the customer who was in the restaurant at the time of the holdup, the criminal information on which defendant was tried alleges

only the taking of the money from the cash register and cigar box in the presence of the waitress. Because we must confine ourselves to a consideration only of the facts alleged in the information, the only question for our determination is whether the taking of the money from the cash register and cigar box constituted larceny from the person.

"CL 1948, § 750.357 (Stat Ann 1954 Rev § 28.589) provides as follows:

. " 'Any person who shall commit the offense of larceny by stealing *from the person of another* shall be guilty of a felony, punishable by imprisonment in the state prison not more than 10 years.' (Emphasis supplied.)

There is disagreement as to the proper interpretation to be given the italicized portion of the statute.

\* \* \*

"[I]t appears that there are 2 schools of thought on the subject; one requires a taking from the actual person and the other allows a taking of property in the possession and immediate presence of the owner,"

and concluded (p 92):

"The real error occurred when the court charged the jury that they could bring in a conviction of larceny from the person in this case. Under the facts in this case, larceny from the person was not an included offense."

The dissenting opinion called attention to our Court's rule that (p 95):

"[T]his Court will not regard as the basis for a new trial or reversal of a conviction any procedural error which does not result in a miscarriage of justice. GCR 1963, 529; CL 1948, § 769.26 [Stat Ann 1954 Rev § 28.1096],"

and stated:

"The sole reclining customer, whose wallet was stolen, was not named in the information as was the waitress. Again, as with lack of license, proofs were admitted and a charge was given to the jury on larceny from the person, but this defect was not mentioned throughout the course of the trial and is raised for the first time on appeal.

"The failure to raise a question in the lower court precludes this Court considering it on appeal. *Young* v. *Morrall* (1960), 359 Mich 180, 187; *Therrian* v. *General Laboratories, Inc.* (1964), 372 Mich 487, 490."

For the following reasons we do not agree with the majority opinion of the Court of Appeals that "under the facts in this case, larceny from the person was not an included offense":

*First,* we quote with approval from plaintiff's brief:

"The [Court of Appeals] opinion states, to-wit:
" '* * * the criminal information on which defendant was tried alleges only the taking of the money from the cash register and cigar box in the presence of the waitress.'

"Those are not the facts alleged in the information. The waitress, Velva Jane Swain, is the only person named assaulted but it states 'approximately seventy-seven ($77.00) dollars in lawful money of the United States of America' was described as taken. The place where taken from was not named. The cash register and cigar box were not named as the place where taken from. The sum named could be construed to include the money (about $7.00) handed to the stickup man by the customer when demanded to remove the money from his wallet and hand it over.

"The information adequately informed the defendant of the crime with which he was charged. The taking from the waitress and the customer were all one continuous action by the holdup men. All par-

ties were present (1) at the same time, (2) at the same place and (3) involved in the same criminal intent.

"There was no objection before or at trial that the acts against the customer were a separate and distinctly chargeable offense. On appeal defendant did not claim in his four allegations of error that the information did not cover all the acts necessary to support a verdict from the jury for larceny from the person.

"The Court of Appeals on its own initiative attacked the information and erroneously construed it to exclude larceny from the person of the customer."

*Second,* defendant William Schrader was sentenced by the court to the State Prison of Southern Michigan for a term of not less than 15 years nor more than 30 years with no recommendation, on the count of robbery armed, and this conviction was affirmed by the Court of Appeals in *People* v. *Schrader* (1968), 10 Mich App 211 (*appeal denied* [1969], 382 Mich 768).

The court committed Walter Gould to the State Prison of Southern Michigan for a term of not less than two nor more than ten years on the count of larceny from a person, with no recommendation.

The distinction between accessories before the fact and principals has been abrogated by statute so that one who counsels, aids or abets in the commission of an offense may be tried and convicted as if he had directly committed such offense.[2]

The testimony in this case would have justified the jury finding Walter Gould guilty of armed robbery and the court sentencing Walter Gould to the same sentence imposed on William Schrader.

---

[2] CL 1948, § 767.39 (Stat Ann 1954 Rev § 28.979).

We agree with the People that:

"The record and information do support a verdict of larceny from the person. There is no claim nor does the record indicate a failure of justice. The defendant was an accessory and principal to the stickup of both the waitress and customer who both told where their money was."

*Third,* the decision of the Court of Appeals is not in compliance with CL 1948, § 767.76 (Stat Ann 1954 Rev § 28.1016), which reads:

"No indictment shall be quashed, set aside or dismissed or motion to quash be sustained or any motion for delay of sentence for the purpose of review be granted, nor shall any conviction be set aside or reversed on account of any defect in form or substance of the indictment, unless the objection to such indictment, specifically stating the defect claimed, be made prior to the commencement of the trial or at such time thereafter as the court shall in its discretion permit. The court may at any time before, during or after the trial amend the indictment in respect to any defect, imperfection or omission in form or substance or of any variance with the evidence. If any amendment be made to the substance of the indictment or to cure a variance between the indictment and the proof, the accused shall on his motion be entitled to a discharge of the jury, if a jury has been impaneled and to a reasonable continuance of the cause unless it shall clearly appear from the whole proceedings that he has not been misled or prejudiced by the defect or variance in respect to which the amendment is made or that his rights will be fully protected by proceeding with the trial or by a postponement thereof to a later day with the same or another jury. In case a jury shall be discharged from further consideration of a case under this section, the accused shall not be deemed to have been in jeopardy. No action of the court in refusing a continuance or postpone-

ment under this section shall be reviewable except
after motion to and refusal by the trial court to
grant a new trial therefor and no writ of error or
other appeal based upon such action of the court
shall be sustained, nor reversal had, unless from
consideration of the whole proceedings, the review-
ing court shall find that the accused was prejudiced
in his defense or that a failure of justice resulted."

See, also, CL 1948, § 767.2 (Stat Ann 1954 Rev
§ 28.942).

*Fourth,* in the early 1882 case of *Durand* v. *People,*
47 Mich 332, respondent was charged with commit-
ting an assault with intent to rob and, upon trial
all evidence, except for the purpose of showing that
an assault had been committed, was objected to for
the reason that none other was charged in the in-
formation.

The Court ruled that an information for an assault
with intent to rob will lie although the person
assaulted was not the actual owner of the property.
Actual possession or custody is sufficient as against
the wrongdoer.

We quote from *People* v. *Cabassa* (1930), 249
Mich 543, 547:

" 'As against a wrong-doer, an actual possession or
custody of the goods would be sufficient.' *Durand*
v. *People* [1882], 47 Mich 332.

" 'The thought of the statute, as expressed in the
language, is that the property must be so in the
possession or under the control of the individual
robbed that violence or putting in fear was the means
used by the robber to take it. If it be away from
the owner, yet under his control, in another room
of the house, as in this case, it is nevertheless in his
personal possession; and, if he is deprived thereof,
it may well be said it is taken from his person.
Goods are called personal property in the law, and
(are) presumed to accompany the person. If taken

from the owner, this relation of owner and property is surrendered, and the goods are separated from the person.' *State* v. *Calhoun* [1887], 72 Iowa 432 (34 NW 194, 2 Am St Rep 252). See, also, 34 Cyc p 1798, 23 RCL pp 1142, 1143."

In *Commonwealth* v. *Subilosky* (1967), 352 Mass 153 (224 NE2d 197), four men entered a branch savings institution, announced a holdup and ordered all persons to lie on the floor. Money was taken from the cash drawers and the robbers made their escape in a stolen vehicle. Defendant was convicted on various counts and appealed. The court held (p 166):

"The defendant contends that, because testimony shows that the cash was taken from the cash drawers for which the tellers Judith Dillon and Joseph Prachniak were responsible, a verdict of 'not guilty' should have been directed on the indictment charging larceny from the person of Lombardi, the murder victim. Lombardi, also a teller, was acting manager of the bank on the day of the robbery, and was in the banking room when the robbers entered. There was no error.

"The funds in the bank were under Lombardi's protection; hence the essential elements of the crime of larceny from the person have been shown. See *Commonwealth* v. *Weiner* [1926], 255 Mass 506, 509 [152 NE 359]; *Commonwealth* v. *Homer* [1920], 235 Mass 526, 533 [127 NE 517]. '[I]t is sufficient if the property be taken from the presence of the victim * * * [that is] within his area of control.' Anderson, Wharton's Criminal Law & Procedure, § 553."

We hold that the taking of property in the possession and immediate presence of the waitress and customer in this case was sufficient to sustain a verdict against defendant Gould of larceny from the person.

The Court of Appeals in the companion case of *People* v. *Schrader, supra,* held that the people's testimony[3] in regard to Count Two (carrying concealed weapon) failed to establish "a lack of a pistol license at the time of the alleged commission of the crime." In the present appeal, the Court of Appeals held (pp 92, 93):

"The conviction of carrying a concealed weapon must also be set aside for the reasons set forth in *People* v. *Schrader* (1968), 10 Mich App 211. The latter case involves a codefendant in this case."

We reverse the Court of Appeals and affirm the trial court as to the conviction for larceny from the person, and affirm the Court of Appeals as to its reversal of the conviction for carrying a concealed weapon.

Reversed in part and affirmed in part.

T. E. BRENNAN, C. J., and DETHMERS, J., concurred with KELLY, J.

T. M. KAVANAGH, J. (*concurring in reversal in part and affirmance in part*). As to the conviction of larceny from the person, I concur in the result reached by Justice KELLY solely upon the fourth reason given—that the taking of property in the possession and immediate presence of the waitress and customer in this case was sufficient to sustain the verdict.

---

[3] An assistant in the Wayne County Clerk's office testified:

"*Q.* Did you have occasion to search the records of the Wayne County Clerk's office to determine whether or not William Schrader, Walter Gould and Louis Copciac had a license to carry a concealed weapon?

"*A.* Not at the present time.

"*Q.* They do not have a license?

"*A.* No, sir."

I concur fully with Justice KELLY in affirmance of the Court of Appeals as to its reversal of defendant's conviction for carrying a concealed weapon.

ADAMS, J., concurred with T. M. KAVANAGH, J.

T. G. KAVANAGH, J. (*dissenting*). I would affirm the Court of Appeals' decision for the reasons set forth in the majority opinion. *People* v. *Gould* (1968), 15 Mich App 83, 84–93.

BLACK, J., did not sit in this case.