## PEOPLE v HOOKS

Docket No. 73120. Submitted May 16, 1984, at Detroit.—Decided September 24, 1984.

Jerome L. Hooks was convicted of receiving and concealing stolen property of a value exceeding $100 following a bench trial in Recorder's Court of Detroit, Samuel H. Olsen, J. At trial, a police officer testified that he observed defendant and another man in a Pontiac Firebird which had been reported stolen. Defendant exited from the driver's side of the automobile and spoke to a bystander while the other man went into a store. Both men then reentered the automobile. When the officer approached the automobile, both men exited from the automobile and defendant ran into the store, where he was arrested. The bystander testified and corroborated the officer's testimony. Defendant testified that he was employed by the store, that a stranger brought the car to the store, that he had examined the car, that he had advised the owner that the car was probably "hot", and that the police had entered the store three or four minutes later and arrested him. A regular customer of the store testified and corroborated the defendant's testimony. Defendant appealed, arguing that the evidence was insufficient to sustain his conviction and that the prosecution should have endorsed and called the man who had attempted to sell the car to the store owner and other persons who were present in the store at the time of his arrest. *Held:*

1. The testimony of the person who had possession and control of the automobile at the time of the theft of the automobile was sufficient to establish that the vehicle was

REFERENCES FOR POINTS IN HEADNOTES

[1] 30 Am Jur 2d, Evidence § 1170.

[2] 66 Am Jur 2d, Receiving and Transporting Stolen Property §§ 3-10.

[3] 50 Am Jur 2d, Larceny § 22.

[4] 5 Am Jur 2d, Appeal and Error §§ 548, 611.
    58 Am Jur 2d, New Trial § 41

[4-7] 29 Am Jur 2d, Evidence §§ 180, 181.
    41 Am Jur 2d, Indictment and Information §§ 56, 60.
    81 Am Jur 2d, Witnesses § 2.

[5] 21 Am Jur 2d, Criminal Law § 166.
    81 Am Jur 2d, Witnesses § 103.

stolen. Proof that that person was the owner of the automobile was not necessary to sustain defendant's conviction.

2. The element of knowledge by the defendant that the vehicle was stolen could be properly inferred by his flight when he observed the officer approaching the automobile. Moreover, defendant admitted such knowledge during his testimony.

3. The prosecution's duty to endorse and call res gestae witnesses does not extend to accomplices. If there was indeed another man who tried to sell the vehicle to the store owner, that person could also have been charged with the same crime as defendant and would have been an accomplice. Accordingly, the prosecution had no duty to endorse and call that individual.

4. If the officer's testimony was believed, the persons in the store observed nothing more than the arrest of defendant and thus were not res gestae witnesses. If defendant's testimony was believed the testimony would be in the nature of alibi testimony. Alibi witnesses are not res gestae witnesses within the meaning of the statute requiring the prosecution to endorse and call all res gestae witnesses. In either case, the prosecution had no duty to endorse and call the persons in the store.

Affirmed.

1. CRIMINAL LAW — SUFFICIENCY OF EVIDENCE.

Evidence is sufficient to sustain a criminal conviction if, viewed in the light most favorable to the prosecution, it would enable a rational trier of fact to conclude that the essential elements of the crime were proven beyond a reasonable doubt.

2. CRIMINAL LAW — RECEIVING STOLEN GOODS.

The elements of receiving and concealing stolen property are: (1) that the property was stolen; (2) the value of the property; (3) the receiving, possession or concealment of such property by the defendant with the knowledge of the defendant that the property had been stolen; (4) the identity of the property as being that previously stolen; and (5) the guilty constructive or actual knowledge of the defendant that the property received or concealed had been stolen (MCL 750.535; MSA 28.803).

3. LARCENY — CRIMINAL LAW.

Larceny can be committed by the wrongful taking from a person in actual possession or custody of the goods taken; ownership need not be shown.

4. CRIMINAL LAW — RES GESTAE WITNESSES — NONPRODUCTION OF WITNESSES — PRESERVING QUESTION.

Failure of a defendant to move in the trial court for a hearing

during trial or for a new trial on the issue of the prosecutor's failure to endorse or produce a res gestae witness precludes consideration of the issue on appeal unless, absent review, manifest injustice would result.

5. CRIMINAL LAW — RES GESTAE WITNESSES — ACCOMPLICES.
   The prosecution's duty to endorse and call res gestae witnesses does not extend to accomplices; a potential witness falls within the accomplice exception if he or she could have been charged with the same crime as the defendant.

6. CRIMINAL LAW — RES GESTAE WITNESSES — ARREST.
   Persons who see an arrest but nothing more are not res gestae witnesses whom the prosecution is required to call.

7. CRIMINAL LAW — RES GESTAE WITNESSES — ALIBI.
   An alibi witness is not a res gestae witness within the meaning of the statute which requires the prosecution to endorse and call all res gestae witnesses (MCL 767.40; MSA 28.980).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Rosemary A. Gordon,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant.

Before: M. J. KELLY, P.J., and BRONSON and C. W. SIMON,* JJ.

PER CURIAM. After a nonjury trial, defendant was convicted of receiving and concealing stolen property of a value exceeding $100, MCL 750.535; MSA 28.803. Defendant was sentenced to imprisonment for from two to five years, and he appeals as of right.

At trial, Sonia Abu-Sawwan testified that she had custody and control of a 1981 Pontiac Firebird automobile, license plate No. WWR 800, worth more than $100. She parked the car on the street

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

in front of her home at about 1:30 a.m. on January 2, 1983, and she discovered it missing about 8:00 a.m. the same morning. She had given no one permission to take it.

Thomas Berry, a Detroit police officer, testified that at about 3:00 p.m. on January 3, 1983, he observed a 1981 Pontiac Firebird automobile, license plate No. WWR 800, with two men inside. He discovered the car had been reported stolen, so he continued to observe it. He observed defendant and another man get out of the car, defendant on the driver's side. Defendant spoke to a bystander, while the other man went into a store, then both got back into the car. The officer approached in his car, and both men again got out of the car, defendant again on the driver's side. Defendant looked toward the officer, then ran into the store, where he was apprehended. The bystander testified and corroborated Officer Berry's testimony.

Defendant testified that he was employed at the store and that on January 3, 1983, he started work between 12:00 and 12:30 p.m. A stranger brought a car to the store to show to the store owner; defendant examined the car and advised the owner that it was probably "hot". Three or four minutes later, the police entered the store and arrested defendant. A regular customer of the store who was present at the time of the arrest testified and corroborated defendant's testimony.

Defendant argues that the evidence was insufficient to sustain his conviction. Evidence is sufficient to sustain a conviction if, viewed in the light most favorable to the prosecution, it would enable a rational trier of fact to conclude that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979). The elements of the crime of receiving and concealing stolen prop-

erty of a value exceeding $100 were listed in *People v Matuja,* 77 Mich App 291, 295; 258 NW2d 79 (1977):

"(1) that the property was stolen; (2) the value of the property; (3) the receiving, possession or concealment of such property by the defendant with the knowledge of the defendant that the property had been stolen; (4) the identity of the property as being that previously stolen; and (5) the guilty constructive or actual knowledge of the defendant that the property received or concealed had been stolen."

Defendant points out that Sonia Abu-Sawwan testified that she had possession and control of the car at issue, not that she owned it, and defendant argues that the prosecution therefore failed to show that the car was stolen. However, it is well-settled that a larceny can be committed by a wrongful taking from a person in actual possession or custody of the goods taken; ownership need not be show. *Durand v People,* 47 Mich 332, 334; 11 NW 184 (1882); *People v Cabassa,* 249 Mich 543, 547; 229 NW2d 442 (1930); *People v Gould,* 384 Mich 71, 79, 81; 179 NW2d 617 (1970).

Defendant also argues that insufficient evidence of knowledge that the property was stolen was produced. However, such knowledge could be inferred from defendant's flight when he observed Officer Berry approaching in a police car; moreover, defendant admitted such knowledge in his own testimony. On this record, ample evidence to satisfy the *Hampton* standard was produced for every essential element of the crime.

Defendant also complains of the prosecution's failure to endorse or call certain alleged res gestae witnesses. Because defendant failed to comply with the requirements of *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973), and *People v Willie*

*Pearson,* 404 Mich 698; 273 NW2d 856 (1979), by raising this issue in the lower court during trial or by a motion for a new trial, appellate review is foreclosed absent manifest injustice. See, for example, *People v Jeffery Johnson,* 113 Mich App 650, 662; 318 NW2d 525 (1982).

Defendant first points to the man who, according to defendant's testimony, tried to sell the car to the store owner in defendant's presence. However, the prosecutor's duty to endorse and call res gestae witnesses does not extend to accomplices. See, for example, *People v Belenor,* 408 Mich 244, 246; 289 NW2d 719 (1980). A potential witness falls within the accomplice exception if he or she could have been charged with the same crime as the defendant. *People v Threlkeld,* 47 Mich App 691, 696; 209 NW2d 852 (1973). Even assuming that defendant's testimony as to the existence of this person was true, the testimony clearly shows that this person could have been charged with receiving and concealing stolen property of a value exceeding $100. The prosecution therefore was not obliged to endorse or call this person.

Defendant also points to persons present in the store at the time of his arrest, including the owner, a worker, and several customers. The term "res gestae witness" has been defined to include all persons who are eyewitnesses to some event in the continuum of a criminal transaction and whose testimony will aid in developing a full disclosure of the facts surrounding the alleged offense. See, for example, *People v Austin,* 95 Mich App 662, 674; 291 NW2d 160 (1980). In *People v Harrison,* 44 Mich App 578, 591; 205 NW2d 900 (1973), the term was defined broadly to include any witness whose testimony is reasonably necessary to protect the defendant against a false accusation.

Here, if Officer Berry's testimony is believed, the

persons in the store saw only defendant's arrest. Persons who see an arrest but nothing more are not res gestae witnesses, because they have not seen an event in the continuum of the criminal transaction and because their testimony is not reasonably necessary to protect against a false accusation. If the defendant's testimony rather than that of Officer Berry is believed, the persons in the store could have testified that defendant was in the store with them at the time that Officer Berry's testimony placed defendant outside the store in possession of the stolen car. However, an alibi witness is a person whose testimony places the defendant elsewhere than at the scene of the crime. See, for example, *People v McGinnis,* 402 Mich 343, 345; 262 NW2d 669 (1978). Therefore, under defendant's theory, the persons in the store were alibi witnesses. Alibi witnesses conceivably fall within some of the broadest definitions of the term "res gestae witness" but defendant does not cite, and we cannot find, any authority in which an alibi witness was held to be a res gestae witness. The separate and inconsistent statutory schemes for dealing with res gestae and alibi witnesses convince us that alibi witnesses are not res gestae witnesses whom the prosecutor is obliged to endorse and call. Compare MCL 767.40; MSA 28.980, with MCL 768.20; MSA 28.1043.

On this record, no mainifest injustice is presented by the prosecution's failure to endorse and call the persons at issue.

Affirmed.