The State v. Calhoun.

*5. ESTOPPEL: corporation: notice to officers: title to land.*

*6. EQUITY: jurisdiction : injunction.*

In our opinion the injunction was rightly granted.

AFFIRMED.

---

THE STATE v. CALHOUN.

1. **Robbery :** TAKING FROM PERSON OF VICTIM: WHAT SUFFICIENT. It is not necessary, in order to constitute the crime of robbery, that the property should actually be taken from the person of the victim, or from his immediate presence; and where the victim is bound in one room of his house, and, through fear of personal violence, is induced to tell his assailant where his property may be found in another room, and the assailant goes into such room and finds and takes the property, this is a taking "from the person" within the meaning of the statute, and the violence, putting in fear and taking, in such case, constitute the crime of robbery.

2. ———: DANGEROUS WEAPON: WHAT IS: QUESTION FOR JURY. Whether a cord or rope used by a robber to tie the hands and feet of his victim while he plundered the house was or was not a dangerous weapon as alleged in the indictment, was properly submitted to the jury.

*Appeal from Mahaska District Court.*

FRIDAY, OCTOBER 7.

DEFENDANT was indicted, and convicted of robbery, and now appeals to this court.

*Gesman & Prouty,* for appellant.

*A. J. Baker, Attorney-general,* for the State.

BECK, J.—I. We will consider and dispose of the objections urged to the judgment of the district court in the order of their discussion in counsel's argument. The court below gave to the jury the following instructions:

" (2) It is provided by our statutes that ' if any person with force or violence, or by putting in fear, steal and take from the person of another any property that is the subject of larceny, he is guilty of robbery.'

" (3) Under this statutory provision, it is not essential that the stealing and taking, if any, was literally from the person, or, in other words, that the property, if any, was on, or attached to, or touching, the literal physical person of the party alleged to have been robbed; but it is sufficient if the stealing and taking, if any, was done in the immediate presence of such party, and while the property was under the control and in the custody of such party.

" (4) If, therefore, you find from the evidence, beyond a reasonable doubt, that the defendant, in this county and state, at a time within three years next preceding the finding of the indictment in this case, did steal and take from the immediate presence of the Nellie Baldwin named in the indictment the property named in the indictment, or some part of it, and that the stealing and taking, if any, was accomplished with force or violence toward said Nellie Baldwin, or by putting her in fear; and you further so find that the property, if any, thus stolen was at the time owned by, or in the possession of, said Nellie Baldwin, and was of value,— then and

VOL. LXXII—28

in such case you should return a verdict of guilty of robbery. But if you do not so find as to these several matters, you cannot find defendant guilty of robbery.

"(5) It is not necessary, in order to constitute a stealing and carrying away 'in the immediate presence of said Nellie Baldwin,' that it should have been done (if done) in her immediate view, or where she could see it done. And if you find from the evidence, beyond a reasonable doubt, that the defendant made a violent assault upon said Nellie Baldwin, by choking her and causing her to fall upon the floor of one of the rooms or apartments of her house, and then tied her hands and feet for the purpose and with the intention of stealing some money or property in the house; and you further so find that she, through fear of personal violence, told defendant where her money or watch was in an adjoining room or rooms; and you further so find that thereupon defendant passed through a door or doors into such room or rooms, and did there, within hearing of said Nellie Baldwin, take and carry away from said room or rooms the property described in the indictment, or some part thereof; and you further so find that such property was under her immediate control, and that such taking, if any, was against the will of the said Nellie Blaldwin, and was without any right, or claim of right, of defendant in said property, and with the intent to permanently deprive her thereof,—then and in such case there would be a sufficient stealing and taking from the 'immediate presence' of the said Nellie Baldwin within the meaning of the law."

"(8) It is charged in the indictment that, at the time of the alleged robbery, the defendant was armed with a dangerous weapon, with intent, if resisted, to kill or maim the said Nellie Baldwin, and, being so armed, did wound said Nellie Baldwin. If you find the defendant guilty of robbery, you will determine whether this charge in the indictment is sustained. The only evidence relied upon by the state as tending to show that defendant was armed with a dangerous

weapon is the evidence tending to show that, at the time of the alleged robbery, defendant had with him the piece of cord or rope introduced in evidence. It is for you to say, from the evidence, whether he did have and use such rope or cord; and, if he did, whether the same was a dangerous weapon; and, if it was, whether he intended by the use of it, (if he did use it,) if resisted, to kill or maim said Nellie Baldwin therewith, or did wound her.

" (9) A dangerous weapon is one which, from the use made of it at the time, is likely to produce death, or do great bodily harm; and unless you find that said cord or rope was of such a character you cannot find that defendant was armed with a dangerous weapon. If it was only calculated to produce, from the use made of it, (if used,) a slight injury upon the person of said Baldwin, then it would not be a dangerous weapon within the meaning of the law."

There was evidence submitted to the jury to which these instructions were applicable.

II.  It is insisted that the third, fourth, and fifth instruc-tions are erroneous, in that they hold the crime of robbery

1. ROBBERY : taking from person of victim: what sufficient. may be committed by taking goods not upon the person or in the immediate presence of the individual robbed; the thought of counsel being that though "with force or violence, or by putting in fear," the goods were obtained by the accused from the possession and custody of the prosecuting witness, yet the crime is not robbery, for the reason that the goods taken were found by defendant in a room of the house other than the one in which the violence was used towards the witness for the pur-pose of extorting from her information of the place where the money and valuables in her possession could be found. The statute defining robbery, which is correctly quoted in the second instruction given to the jury, contemplates the taking of property "from the person" of another. Counsel interpret this language to mean that the property, in order to constitute the crime, must be upon or in some way attached

to the person of the individual robbed, or in his immediate presence. The preposition " from " does not convey the idea of contact or propinquity of the person and property. It does not imply that the property is in the presence of the person. The thought of the statute, as expressed in the language, is that the property must be so in the possession or under the control of the individual robbed that violence or putting in fear was the means used by the robber to take it. If it be away from the owner, yet under his control, in another room of the house, as in this case, it is nevertheless in his personal possession; and, if he is deprived thereof, it may well be said it is taken from his person. Goods are called personal property in the law, and presumed to accompany the person. If taken from the owner, this relation of owner and property is surrendered, and the goods are separated from the person. In the case before us, defendant, by violence, bound the prosecuting witness, and thereby put her in fear. By this violence, he extorted from her information of the place where she kept her money and watch in another room of the house. Leaving her bound, he went into that room and took the property. We are clearly of the opinion that it was taken from her person in the sense of the words as used in the statute. In support of this conclusion, see the following authorities cited thereon: 2 Bish. Crim. Law, § 975; Whart. Crim. Law, § 1696.

III.    Counsel insists that the eighth and ninth instructions are erroneous, in that they submit to the jury the question

2. ——: dangerous weapon: what is: question for jury.

whether the cord with which the prosecuting witness was bound is a dangerous weapon. One of the definitions of the word " weapon " is " anything used or intended to be used in destroying or annoying the enemy." A cord is often used as an instrument by robbers to kill or disable their victim; when so used it is properly called a weapon. The instructions correctly submitted to the jury the question whether the cord used by defendant was a dangerous weapon.

IV.   Counsel insist that the motion for a new trial should have been sustained, on the ground that the attorney for the state in his argument to the jury, referred to the fact that defendant did not testify in his own behalf.   The record fails to support the allegation upon which the motion is based.

V.   Another ground upon which the motion for a new trial was based is that the state's attorney, in the argument of the case, used inflammatory and extravagant language. We think the remarks of the state attorney complained of in this connection are not of such a character as to raise the presumption that defendant was prejudiced in any degree.

We have not all the evidence before us, and no claim is therefore made that the verdict lacks the support of proof. Having considered all objections to the judgment presented in argument by counsel, we discover no ground for disturbing the judgment.

AFFIRMED.