PEOPLE v. CABASSA.

1. INDICTMENT AND INFORMATION—CHARGING DIFFERENT OFFENSES—
ELECTION OF COUNTS.
Where distinct offenses are charged in different counts, but are
committed by same acts, at same time, and same testimony
must be relied on for conviction, people may not be compelled
to elect between counts.

2. ROBBERY—STATUTES.
Information charging assault and robbery of attendant at gaso-
line filling station with force and arms charges robbery of the
kind covered by Act No. 374, Pub. Acts 1927, § 15, although
the attendant was not actual owner of property stolen.

3. CRIMINAL LAW—ROBBERY—TRIAL—INSTRUCTION—INTENT.
Where, in prosecution for robbery with force and arms under
Act No. 374, Pub. Acts 1927, § 15, there was no claim that
defendant acted innocently, accidentally, or by mistake, but
defense was *alibi*, and defendant was claimed to have been
present and was positively identified by the victim as the
robber, the only question for the jury was defendant's pres-
ence and perpetration of the crime, and therefore trial court
did not err in not charging that criminal intent was necessary.

4. SAME—PRESUMPTION OF INTENT.
Generally, if it is proved that accused committed the unlawful
act charged, it will be presumed that the act was done with
criminal intention, and it is for accused to rebut this presump-
tion; the act of itself being evidence of the intent.

5. SAME—CHARGE UPON COMPONENT PARTS OF CRIME—STATUTES.
In prosecution for robbery with force and arms, where the lan-
guage of the information and the statute upon which it was
based (Act No. 374, Pub. Acts 1927, § 15) is simple and plain,
it was not necessary for the court to charge the jury upon
the component parts of the crime, but it was the duty of the
court to instruct the jury as to the law applicable to the case
and make such comment on the evidence, the testimony, and
character of any witness as in his opinion the interest of jus-
tice might require (Act No. 175, Pub. Acts 1927, chap. 8,
§ 29).

6. SAME—JUDICIAL NOTICE MAY BE TAKEN OF ORDINARY MEANING OF WORDS.

Courts and juries may usually take judicial notice of the ordinary meaning of English words.

7. SAME—EXPLANATION OF LANGUAGE EASILY UNDERSTOOD NOT NECESSARY.

Where the language defining an offense can be understood by a person of ordinary intelligence, it is not necessary for the court to define or explain it.

Error to Genesee; Brennan (Fred W.), J. Submitted January 16, 1930. (Docket No. 143, Calendar No. 34,605.) Decided March 6, 1930.

Salvidore Cabassa was convicted of robbery armed. Affirmed.

*Frank Stipes* (*Dudley Mallory,* of counsel), for appellant.

*Wilber M. Brucker,* Attorney General, *Charles D. Beagle,* Prosecuting Attorney, and *Philip Elliott,* Assistant Prosecuting Attorney, for the people.

POTTER, J. Defendant was arrested and informed against in the circuit court for Genesee county, charged with having

"on the 29th day of March in the year 1929, at the city of Flint in said Genesee county, with force and arms in and upon one Mr. McMullen, in the peace of the people of the State of Michigan then and there being, did make an assault and $70 in legal currency of the United States of America, the said Salvidore Cabassa from the person and against the will of the said Mr. McMullen then and there feloniously and by force and violence did rob, steal, take and carry away, and that he, the said Salvidore Cabassa, at the time of committing the said assault and robbery

aforesaid, were then and there armed with a certain dangerous weapon, to-wit: an automatic revolver, with intent, if resisted to kill or maim the said Mr. McMullen, the person so robbed as aforesaid.''

The statute under which defendant was prosecuted, section 15, Act No. 374, Pub. Acts 1927,[1] recognizes and defines three separate and distinct offenses.

The defendant was charged, in the first count of the information, with assaulting and robbing one McMullen, and in the second count with being armed with a dangerous weapon, at the time of the assault and robbery, with the intent, if resisted, to kill or maim McMullen. The offense is claimed to have been committed by defendant in holding up and robbing a gasoline station in the city of Flint, in charge of McMullen. No motion was made to compel an election of counts. No election of counts could have been properly granted.

"When distinct offenses are charged in different counts, but are committed by the same acts, at the same time, and the same testimony must necessarily be relied upon for conviction, the prisoner cannot be confounded in making his defense, and the people ought not to be compelled to elect." *People* v. *Sweeney,* 55 Mich. 586.

The defendant gave notice of an *alibi.* An attorney was appointed to defend him. Various witnesses, including defendant himself, were sworn in support of the claimed *alibi.* There was no claim or proof that more than one person participated in the robbery and assault; no testimony affecting defendant's intent; no dispute but that McMullen was in

---

[1] Act No. 374, Pub. Acts 1927, amends 3 Comp. Laws 1915, §§ 15206, 15207.—REPORTER.

charge of the gasoline station and was robbed; that the robber was armed with a. dangerous weapon; that McMullen saw it; that the robber struck McMullen over the head with it, knocked him down, fractured his skull, and rendered him temporarily unconscious. Whoever committed the assault committed the robbery. McMullen positively identified defendant as the robber.

No requests to charge were preferred by defendant. The trial court charged the jury:

"If you are satisfied from the evidence in this case that this respondent did on the morning of the 28th or night of the 27th of March make an assault upon Mr. McMullen with a dangerous weapon for the purpose of robbery and for the purpose of securing the money in that gas station at that time, and you are satisfied from the evidence in the case beyond a reasonable doubt that those facts have been established, and that this respondent is the one who did that on that occasion, then it is your duty to convict him. * * * The only question for you to determine is whether or not this respondent committed that assault. As to the identity of this respondent, you have a right to take into consideration all the facts and circumstances in this case. If you are satisfied, as I say, and that beyond a reasonable doubt, that this respondent is the man that committed that assault on that occasion, it is your duty to convict him, otherwise you will acquit him."

The first offense mentioned and described by the statute in the language, "If any person shall assault another and shall feloniously rob, steal and take from his person any money or other property," covers a robbery of the kind alleged in the first count in the information to have been committed.

McMullen, though not the actual owner of the property stolen, was in custody and control of it,

''As against a wrong-doer, an actual possession or custody of the goods would be sufficient.'' *Durand* v. *People,* 47 Mich. 332.

''The thought of the statute, as expressed in the language, is that the property must be so in the possession or under the control of the individual robbed that violence or putting in fear was the means used by the robber to take it. If it be away from the owner, yet under his control, in another room of the house, as in this case, it is nevertheless in his personal possession; and, if he is deprived thereof, it may well be said it is taken from his person. Goods are called personal property in the law, and (are) presumed to accompany the person. If taken from the owner, this relation of owner and property is surrendered, and the goods are separated from the person.'' *State* v. *Calhoun,* 72 Iowa, 432 (34 N. W. 194, 2 Am. St. Rep. 252). See, also, 34 Cyc. p. 1798, 23 R. C. L. pp. 1142, 1143.

Defendant insists the trial court erred in not charging it was necessary defendant must have had a criminal intent in perpetrating the robbery. *People* v. *McKeighan,* 205 Mich. 367, is relied upon. In that case it was claimed defendant induced others to commit a robbery; that defendant told others, who claimed to have been robbed by one Spencer, by the use of crooked dice, they should get their money back from Spencer. The persons who claimed to have been robbed in the ''flim flam'' dice game afterward forcibly retook the money, which had just been taken from them, and, in so doing, took more than belonged to them. To sustain defendant's conviction, it was held necessary to establish his criminal intent. There it was not claimed defendant was present at the robbery; here it is claimed defendant was present. In that case there was room for an

inference that what defendant said was said inno-
cently and without intent to induce Spencer's rob-
bery by others; here there is no claim the robber
acted innocently, accidentally, or by mistake. The
robber must be held to have intended to do what he
did do. No testimony involving defendant's intent
was introduced, and no charge upon his intent was
necessary.

"Where any act is knowingly committed which
naturally and usually leads to certain consequences,
a jury certainly has the right, in the exercise of
ordinary sagacity, to draw the inference that such
results are intended." *People* v. *Scott,* 6 Mich. 287.

"The general rule is that, if it is proved that the
accused committed the unlawful act charged, it will
be presumed that the act was done with a criminal
intention, and it is for the accused to rebut this pre-
sumption. The act of itself is evidence of the in-
tent." 16 C. J. p. 81.

In *People* v. *Kolodzieski,* 237 Mich. 654, and *People*
v. *Goldberg,* 248 Mich. 553, the trial court charged
that the offense was established, and the only ques-
tion was the claimed participation of defendant.
Convictions in these cases, similar to this, were sus-
tained. In the first case, which arose prior to the
amendment of section 15206, 3 Comp. Laws 1915,
it is said:

"The evidence is undisputed that the men who
took the money were armed with a dangerous
weapon, and that their threats clearly indicated an
intent to kill or maim, if resisted. The defense was
an *alibi.* The only question for the jury to pass upon
was whether the defendant was one of the men pres-
ent and participating in the commission of the
crime."

The charge here fairly submitted the only disputed question, defendant's presence and perpetration of the crime, to the jury.

It is claimed the court should have charged the jury upon the component parts of the crime. The information was more specific than required by statute. Section 44, chap. 7, Act No. 175, Pub. Acts 1927. It was the duty of the trial court to instruct the jury as to the law applicable to the case and in his charge make such comment on the evidence, the testimony, and character of any witnesses, as in his opinion the interest of justice might require. Section 29, chap. 8, Act No. 175, Pub. Acts 1927. Courts and juries may usually take judicial notice of the ordinary meaning of English words. *People* v. *Gastro,* 75 Mich. 127. The language of the information, and of the statute upon which it was based, is simple and plain. A technical analysis of it would be of no service to the jury. Where the language defining an offense can be understood by a person of ordinary intelligence, it is not necessary for the court to define or explain it. 16 C. J. p. 966. Under the law and the facts, the only question for the jury was whether defendant was the person who assaulted and robbed McMullen. The jury said defendant was the man. None of defendant's assignments of error, nor all of them, when considered together, indicate that there has been a miscarriage of justice. They are overruled.

Defendant's conviction is affirmed.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.