STATE *v.* MARINE THOMAS CAMPBELL and WALTER KOPANSKI.

*(September* 25, 1941.)

SPEAKMAN, J., sitting.

*Clair John Killoran,* Deputy Attorney-General, for the State.

*H. Albert Young* for the defendants.

Court of General Sessions for New Castle County. Indictment for robbery, No. 9, September Term, 1941.

SPEAKMAN, J., delivering the opinion of the Court:

The defendants contend that the language of our statute must be strictly construed, and to warrant a conviction it was incumbent upon the State to prove a taking from the physical possession of the prosecuting witness, and this the State has failed to do.

It is of course true that a penal statute which creates a new offense or contains language of a doubtful meaning requires strict construction.

Robbery at common law has been defined as "the felonious and forcible taking from the person of another

of goods or money of any value, by violence or putting him in fear." 4 *Black. Com.* 241.

In substance this is the language of our statute.

■ ■ Here the sole question involves the meaning of the words "from the person of another." The defendants concede that at common law these words mean "from the person of another or in his presence." The words in question undoubtedly came to us from the common law, and in arriving at their meaning we should follow the familiar rule of construction that when a statute uses words which have a definite and well known meaning at common law it will be presumed that the terms are used in the sense in which they were understood at common law, unless it appears that it was not so intended.

In *re Beyea's Estate,* (*Del. Orph.*) 15 *A.* 2d 177, *citing* 25 *R.C.L.* 994.

This rule was followed by this Court in *State v. Lapista and Fucello,* 7 *Boyce* (30 *Del.*) 260, 105 *A.* 676, 677, in which the defendant was charged with highway robbery. There the Court in its charge to the jury said:

"It is incumbent upon the state to satisfy you beyond a reasonable doubt that there was such a taking [as to constitute larceny] by the accused from the person of the prosecuting witness, or in his presence."

But it is insisted that the State has failed to prove either a taking from the person of the prosecuting witness or in his presence. It is argued that the only evidence of a taking is of a taking from the bedroom of the apartment at a time when the prosecuting witness was confined in the bathroom behind a closed door.

Many Courts have construed the meaning of the words "in the presence of" in statutes similar to ours.

In *Commonwealth v. Homer*, 235 *Mass.* 526, 127 *N.E.* 517, 520, the Court said:

"A thing is in the presence of a person, in respect to robbery, which is so within his reach, inspection, observation or control, that he could, if not overcome by violence or prevented by fear, retain his possession of it," and in *State v. Deso*, 110 *Vt.* 1, 1 *A.* 2d 710, 712, this language was approved and followed.

The cases of *State v. Calhoun*, 72 *Iowa* 432, 34 *N.W.* 194, 2 *Am. St. Rep.* 252; *Hill v. State*, 42 *Neb.* 503, 60 *N.W.* 916; *State v. Williams*, (*Mo. Sup.*) 183 *S.W.* 308, and *People v. Cabassa*, 249 *Mich.* 543, 228 N.W. 442, are in many respects like the case at Bar, and in each of them the Court took a view similar to that of the Massachusetts Court in *Commonwealth v. Homer, supra*. In the Iowa case the Court said in referring to the property taken [72 *Iowa* 432, 34 *N.W.* 196, 2 *Am. St. Rep.* 252]:

"If it be away from the owner, yet under his control, in another room of the house, as in this case, it is nevertheless in his personal possession; and, if he is deprived thereof, it may well be said it is taken from his person."

It is my opinion that under our statute, the evidence introduced by the State is sufficient, if true, to warrant the jury in finding that the personal property in question was taken from the person of the prosecuting witness.

The motion for a directed verdict is denied.