STATE of Maine

v.

David CONSTANTINE.

Supreme Judicial Court of Maine.

Aug. 5, 1975.

Thomas E. Delahánty, II, County Atty., Paul R. Dionne, Asst. County Atty., Auburn, for plaintiff.

Skelton, Taintor & Abbott, P. A., by Stephen P. Beale, Lewiston, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

POMEROY, Justice.

Appellant was convicted of a violation of 17 M.R.S.A. § 3401-A (armed robbery). By this appeal he challenges the correctness of the conviction because, as he says,

(1) by their own testimony the victims established that they were not placed in fear, and

(2) there was no evidence that there was a taking of property "from the person" of the victims.

We deny the appeal.

The indictment charged that the defendant and others

". . . while armed with a firearm and by putting in fear, did take, steal and carry away the property of Fred Awalt, to wit, two oriental style gold daggers, six jars of foreign coins of the aggregate value of one-thousand four-hundred ($1,400.00) dollars from the person of Fred Awalt and Eleanor Awalt, with intent to permanently deprive the owner of his property."

The appellant points to the testimony of the robbery victim Awalt, as follows:

"Q Now on the evening of the 22nd when you did come upstairs, were you afraid?"

He answered:

"No, not really. It was such a shock, it all seemed to be so unreal, but afterwards I was, but at the time, no. I don't

think I was afraid. I must be honest about this. There was nothing except for the presence of a gun. They weren't rough with us. We did as they told us to do, so everything went very smoothly."

This testimony, the appellant argues, negates the claim set forth in the indictment that the larceny was accomplished by putting in fear.

In *State v. Perley*, 86 Me. 427, 30 A. 74 (1894), this Court described robbery as "larceny committed by violence from the person of one put in fear."

The record discloses that the appellant and others came to the house armed with a shotgun. The shotgun was pointed menacingly at Mr. Awalt and he was instructed to go into the bedroom. He was also instructed to place his hands behind him so they could be tied, and to open his mouth so he could be gagged with a towel. All these things were done as the result of the presence of the shotgun in the hands of the robbers.

Despite these facts appellant seizes upon the victim's statement "I don't think I was afraid" as one basis for his claim he is not guilty of armed robbery.

This contention was adequately disposed of adversely to the appellant in *State v. Levesque*, Me., 281 A.2d 570 (1971). In that case it is said:

"If the taking is attended with such circumstances of terror, such threatening by word or gesture, as in common experience are likely to create an apprehension of danger and induce a person to part with his property for the sake of his person, the victim is put in fear within the meaning of our robbery statute."[1] 281 A.2d at 578.

We find no merit in appellant's contention in this regard. The law is not an idiot.[2]

The evidence established that after Mr. and Mrs. Awalt were bound and gagged in their bedroom on the second floor, appellant and his companions stole the valuable daggers and the jars of foreign coins from the basement, two floors below.

The appellant's contention is that these facts belie the allegation in the indictment that the larceny was "from the person of Fred Awalt and Eleanor Awalt."[3]

The question whether a taking may be considered "from the person" under the circumstances disclosed in this case has not heretofore been presented to this Court. We look then to the common law and to other jurisdictions for guidance.

It seems clear the common law considered a taking to be from the person if it was, in fact, from his presence.

"It is not always necessary that in robbery, there should be strictly a taking from the person, but it sufficeth if it be in his presence . . . ." *I Hale's P.C.* 532, Chap. XLVI.

Jurisdictions, both state and federal, have held a taking from the person assaulted could be established by showing the property had been taken from the victim's presence or control. See *State v. Weber*, 14 Or.App. 352, 513 P.2d 496 (1973); *United States v. Dixon*, 152 U.S.App.D.C. 200, 469 F.2d 940 (1972).

---

1. "Force or intimidation is the very gist of the crime of robbery. . . . But these essential ingredients are alternative requirements and it is not necessary that a robbery be accomplished by means of both force and fear as proof of either one is sufficient to sustain a conviction. Both are not necessary to complete the offense." *Levesque*, at 577.

2. " 'If the law supposes that,' said Mr. Bumble . . . 'the law is a ass—a idiot.' " *Oliver Twist*, ch. 51.

3. Money was taken from Mrs. Awalt's purse which was in the bedroom but no allegation of this is made in the indictment.

This view is likewise supported by a textwriter (*Bishop, Criminal Law*):

"The Doctrine—is, that since robbery is an offence as well against the person as the property, the taking must be from what the law terms the person.

"The Meaning—is, not that the taking must necessarily be from the actual contact of the body, but it suffices when it is from under the personal protection.

"The Personal Protection—is interpreted to cover all one's effects within a not easily defined distance over which his presence may be deemed to have sway; . . ." 2 *Bishop, Criminal Law,* Sec. 1177.

*Greenleaf* lays it down that it is sufficient (to prove robbery), if it be proved that the taking by the robber was actually begun in the presence of the party robbed, though it were completed in his absence. *3 Greenleaf, Evidence,* Sec. 228.

In writing concerning a factual framework remarkably like that here before us, the Iowa Court in *State v. Calhoun,* 72 Iowa 432, 34 N.W. 194 (1887), said:

"If it be away from the owner, yet under his control, in another room of the house, as in this case, it is nevertheless in his personal possession; and, if he is deprived thereof, it may well be said it is taken from his person." 34 N.W. at 196.

See also *State v. Cottone,* 52 N.J.Super. 316, 145 A.2d 509 (1958).

In the case before us the robbery was commenced in the bedroom. The actual taking of the daggers and the gold coins was from a room in the same house which it can properly be said was under the immediate control of Mr. and Mrs. Awalt.

We hold, then, there was a taking by fear and violence from the person of Mr. and Mrs. Awalt established by the evidence.

Since we find no merit to either of appellant's contentions, the entry must be,

Appeal denied.

DELAHANTY, J., did not sit.

All Justices concurring.