PEOPLE v HALL

Docket No. 26791. Submitted November 8, 1977, at Lansing.—Decided
    June 5, 1978.

George N. Hall was convicted of three counts of murder, three
    counts of felony murder, one count of assault with a dangerous
    weapon with intent to commit murder and one count of assault
    with intent to rob while being armed. The Ingham Circuit
    Court, Thomas L. Brown, J., sentenced the defendant to life
    imprisonment on each of the eight convictions. Defendant
    appeals, contending, *inter alia,* that error was committed in
    allowing him to stand trial on six counts of homicide and
    sentencing him to six life sentences when he was alleged to
    have killed only three people. *Held:*

    1. The defendant was properly allowed to stand trial on the
    six counts because where there are multiple theories of murder
    the prosecutor is not required to elect upon which theory he
    will try the case.

    2. Three of the murder convictions and sentences should be
    vacated because imposing six sentences upon the defendant for
    three homicides is double punishment.

    3. The defendant's contention that the trial court erred in
    refusing to admit evidence relating to a defense of diminished
    capacity and in refusing to instruct the jury on this defense
    when evidence was admitted is not supported by the record.

    4. Admission of evidence of a prior altercation between the

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 546.
    40 Am Jur 2d, Homicide § 211.
[2] 40 Am Jur 2d, Homicide §§ 52, 53.
[3] 40 Am Jur 2d, Homicide § 274.
[4] 40 Am Jur 2d, Homicide §§ 145, 307.
    Admissibility of evidence as to other's character or reputation for
    turbulence on question of self-defense by one charged with as-
    sault or homicide. 1 ALR3d 571.
[5] 40 Am Jur 2d, Homicide §§ 417, 418, 453.
    Admissibility of photograph of corpse in prosecution for homicide or
    civil action for causing death. 73 ALR2d 769.
[6] 21 Am Jur 2d, Criminal Law § 64.

defendant and a deceased was proper to show motive and intent.

5. Evidence of two of the victims' propensities toward carrying guns was properly excluded where no proper foundation for such evidence was laid and where other evidence clearly showed that defendant was the aggressor.

6. Photographs of the victims' bodies were properly admitted into evidence.

7. Comments by the prosecutor regarding the possible consequences should the defendant be found not guilty by reason of insanity did not result in reversible error where those comments were in response to remarks by defense counsel and the prosecutor's comments were brief and not prejudicial.

Affirmed, but three of the life sentences vacated.

1. CRIMINAL LAW—PROSECUTORS—ELECTION OF CHARGES.

A prosecutor is not required to elect when distinct offenses are charged in different counts but are committed by the same acts, at the same time, and where the same testimony must necessarily be relied upon for conviction.

2. HOMICIDE—PREMEDITATED MURDER—FELONY MURDER—DOUBLE PUNISHMENT—VACATION OF CONVICTIONS.

A defendant who was convicted on one count of premeditated murder and one count of felony murder in each of two killings, and on one count of felony murder and one count of second-degree murder in a third killing and sentenced to six life terms of imprisonment was subjected to double punishment because the convictions arose from only three killings; therefore, three of the convictions and sentences, one for each of the killings, should be vacated.

3. HOMICIDE—EVIDENCE—PRIOR ALTERCATION—MOTIVE OR INTENT—STATUTES.

Evidence of a prior altercation between the defendant and the deceased, in a trial for murder, is admissible to show motive or intent where the probative value of such evidence outweighs its prejudicial effect and where the evidence is relevant to the res gestae of the crime (MCL 768.27; MSA 28.1050).

4. HOMICIDE—EVIDENCE—VICTIM'S PROPENSITY TOWARD WEAPONS—SELF-DEFENSE.

Evidence of the propensity of a murder victim toward carrying weapons was properly excluded in a murder trial where no proper foundation for the evidence had been laid when the evidence was offered and where other evidence clearly indi-

cated that the defendant was the aggressor, eliminating any possible self-defense theory.

5. HOMICIDE—EVIDENCE—PHOTOGRAPHS—MURDER VICTIMS—STIPULA-
TION BY PARTIES.

Admission into evidence of photographs depicting the bodies of murder victims is within the discretion of the trial judge and is not error so long as the photographs are not offered with the sole intention of inflaming the jury, regardless of the fact that the parties are willing to stipulate to the locations of the bodies.

6. CRIMINAL LAW—PROSECUTOR'S COMMENTS—INSANITY—DISPOSITION
OF DEFENDANT.

Neither the prosecutor nor defense counsel may comment during trial upon the consequences of a jury finding that the defendant is not guilty by reason of insanity; however, where a prosecutor's remarks regarding such consequences are in response to defense counsel's comments regarding the same subject and the remarks are brief and not prejudicial, no reversible error occurs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, and *Lee Wm. Atkinson,* Chief Appellate Attorney, for the people.

*Joseph D. Reid,* for defendant on appeal.

Before: QUINN, P. J., and V. J. BRENNAN and C. L. BOSMAN,* JJ.

V. J. BRENNAN, J. Defendant George N. Hall was convicted by a jury in Ingham County Circuit Court on a multiple count information which consisted of three counts of murder, three counts of felony murder, one count of assault with a dangerous weapon with intent to commit murder and one count of assault with intent to rob while being armed. He was tried jointly with codefendant Leo McGill on September 15–18, 22–25 and October 6–

---

* Circuit judge, sitting on the Court of Appeals by assignment.

9, 13–16, 20 and 22–24, 1975. McGill was found not guilty on every count. Defendant was found guilty on all eight counts. On December 1, 1975, defendant was sentenced to a term of life imprisonment on each of the eight counts. Defendant appeals as a matter of right under GCR 1963, 806.1.

Little dispute exists about the events leading up to defendant's conviction. Early in the morning of January 30, 1975, defendant was a participant in a card game at the home of John Fowler in East Lansing, Michigan. At about 3 a.m. defendant and Lawrence Chappell became involved in an altercation. Testimony at trial indicated that defendant produced a knife and threatened Chappell with violence. Eventually the parties returned to their card game and defendant left the building at 5 a.m. At that time only Lawrence Chappell, Charles Bovinette, N. A. Gaulden and John Fowler remained at Fowler's residence. Half an hour later, defendant went to the home of Karen Lawson and demanded the return of firearms he had left with her.

Testimony regarding the actual murders was produced by N. A. Gaulden, the lone survivor of the incident. At about 6 a.m., defendant and another man identified as Leo McGill returned to the home where the card game was being played. Defendant was refused his request to rejoin the game because he had no money. Defendant responded, "Never mind, it doesn't matter. We are taking all the money anyhow." At this point, defendant and codefendant McGill drew guns and ordered everybody to the floor. Gaulden then heard shots and saw Charles Bovinette fall, although he could not determine who had fired the shots. Next, he saw defendant shoot at Lawrence Chappell.

Defendant then told Gaulden to give him his money. After complying, he was ordered to lie on the floor. He then heard several shots and was struck twice by bullets, once in the side and once in the back. Shortly afterward, Gaulden called the police. On arrival, they found John Fowler and Lawrence Chappell dead. Charles Bovinette died on February 4, 1975.

On appeal, defendant raises several allegations of error. We will address those which merit discussion.

Defendant first contends that the trial court committed reversible error by permitting defendant to stand trial on three counts of premeditated murder and three counts of felony murder and by sentencing defendant to six life sentences where defendant is alleged to have killed only three people.

Defendant was found guilty of the following crimes: (1) separate convictions for the premeditated murder and felony murder of John E. Fowler, contrary to MCL 750.316; MSA 28.548; (2) separate convictions for the premeditated murder and felony murder of Lawrence Chappell, contrary to MCL 750.316; MSA 28.548; (3) separate convictions for the second-degree murder and felony murder of Charles Bovinette, contrary to MCL 750.317; MSA 28.549 and MCL 750.316; MSA 28.548; (4) separate convictions for assault with intent to commit the crime of murder and assault with intent to rob while armed of N. A. Gaulden, contrary to MCL 750.89; MSA 28.284 and MCL 750.83; MSA 28.278. The propriety of convicting and sentencing defendant on the two assault counts is not contested on this appeal. However, concerning the murder counts, defendant was convicted and sentenced to six life terms for the

commission of only three criminal acts. He challenges this penalty on grounds of double punishment.

We would note first that the prosecution need not have been forced to elect between the two theories of first-degree murder. *People v Cabassa,* 249 Mich 543, 545; 229 NW 442 (1930). In *Cabassa,* the Michigan Supreme Court noted:

> " 'When distinct offenses are charged in different counts, but are committed by the same acts, at the same time, and the same testimony must necessarily be relied upon for conviction, the prisoner cannot be confounded in making his defense, and the people ought not to be compelled to elect.' " *People v Cabassa, supra* at 545.

See also *People v Allan,* 263 Mich 182, 201–202; 248 NW 589 (1933), *People v Andrus,* 331 Mich 535, 540–541; 50 NW2d 310 (1951), *People v Loncar,* 4 Mich App 281, 287; 144 NW2d 801 (1966). In short, we find no error in the court's not requiring election by the prosecutor between premeditated murder and felony murder. No such election is required.

Nonetheless, even the prosecution concedes that defendant's six murder convictions and sentences resulted from three separate acts. We find defendant was subjected to double punishment and hold that three of the convictions and sentences must be vacated. See *People v Stewart (On Rehearing),* 400 Mich 540, 547–550; 256 NW2d 31 (1977), *People v Martin,* 398 Mich 303, 307–311, 313–314; 247 NW2d 303 (1976). See also *People v Crown,* 75 Mich App 206, 215–216; 254 NWD2d 843 (1977). In *Crown,* we vacated one of two life sentences imposed upon defendant where he had been convicted of both a felony murder and premeditated

murder of a single victim. Following the procedures used there, the life sentences imposed for the felony murders of John E. Fowler and Lawrence Chappell are vacated. Similarly, the life sentence imposed for the second-degree murder of Charles Bovinette is vacated. See *People v Anderson,* 62 Mich App 475, 482–483; 233 NW2d 620 (1975). Thus three life sentences may stand.

Defendant next claims the trial court committed reversible error by refusing to admit evidence relating to the defense of diminished capacity and by refusing to instruct the jury on this defense when evidence of diminished capacity was admitted. The contention is erroneous; the trial court did admit certain evidence regarding this defense and also gave an appropriate instruction although not specifically labelled "diminished capacity".

Review of this record leads us to conclude that defendant was not prejudiced by the trial court's ruling. We find defendant was able to present evidence of diminished capacity by means of the testimony of Dr. Arnold Werner. This witness testified that defendant exhibited some amnesia, had not slept much prior to the murders and had suffered a blow to the head at some time. This testimony was extensive enough to provide the jurors with sufficient evidence to consider whether defendant's specific intent was negated by diminished capacity. Other testimony provides only cumulative information to that provided by Dr. Werner. The jury had the benefit of all relevant evidence relating to the defense. We find no basis for reversal here.

Moreover, the following summation of defendant's argument was made to the jury by the trial court:

"It is defendant Hall's position that because of exces-

sive use of alcohol coupled with lack of sleep and use of amphetamines *that he was unable to formulate the specific intent to kill and rob. Furthermore, that he contends that he received certain blows to the head which complicated his thinking process."* (Emphasis added.)

In addition to instructing the jury as to the intent required for each crime charged, the court noted the following:

"When a certain intent is a necessary element in a crime, the crime cannot have been committed when the intent did not exist."

In addition, both attorneys referred to the "concussion" theory in their closing argument. Therefore, we feel that the trial court adequately apprised the jury as to defendant's diminished capacity defense. *People v Fields,* 64 Mich App 166, 172–173; 235 NW2d 95 (1975), *lv den,* 397 Mich 861 (1976). Further, we note that the jury rejected defendant's claims of insanity and intoxication, both of which would appear to have more merit than defendant's diminished capacity defense.

On defendant's remaining allegations of error, we only comment briefly. We do not find the trial court committed reversible error by admitting evidence of a prior altercation between defendant and Lawrence Chappell which occurred some months before the killing. We find such evidence admissible in order to explain the cause of the scuffle between the same two persons two hours before the killings. Such testimony tended to show motive or intent in a case where the states of mind were crucial. MCL 768.27; MSA 28.1050. Further, the probative value of such evidence outweighed its prejudicial impact. Such evidence was also rele-

vant to the res gestae of the crime. *People v McPherson,* 38 Mich App 534, 543–544; 197 NW2d 173 (1972). Finally, on review of the record, we find that no prejudice resulted from admission of evidence of this prior altercation.

Nor did the trial court commit reversible error by excluding evidence that John Fowler and Lawrence Chappell had previously appeared at poker games while armed with revolvers. We sustain the trial court's holding that proper foundation supporting a claim of self-defense by defendant had not been laid at the point when this character evidence was offered, thereby precluding its introduction. *People v Knott,* 59 Mich App 105, 108–109; 228 NW2d 838 (1975), citing *People v Cellura,* 288 Mich 54; 284 NW 643 (1939). See also *People v Van Camp,* 356 Mich 593, 600; 97 NW2d 726 (1959). Evidence clearly existed indicating defendant as the aggressor and eliminating any possible self-defense theory. Evidence of the victims' propensity toward carrying guns was properly excluded.

The trial court did not abuse its discretion by admitting into evidence photographs depicting the bodies of the victims. Admission of such photographs is within the discretion of the trial judge so long as they are not offered with the sole intention of inflaming the jury. *People v Eddington,* 387 Mich 551; 198 NW2d 297 (1972). Our finding in this regard is unaffected by the fact that defendant was willing to stipulate to the location of the bodies. *People v Green,* 74 Mich App 351, 357–358; 253 NW2d 763 (1977). We find no improper intent or undue prejudice to defendant by the court's decision to admit the evidence.

Finally, we find no reversible prejudice to defendant by the prosecution's comment in rebuttal

regarding possible future consequences should defendant be found not guilty by reason of insanity. The present rule in Michigan is that neither prosecution nor defense counsel may comment during trial upon the possible finding of not guilty by reason of insanity. *People v Szczytko,* 390 Mich 278, 284–290; 212 NW2d 211 (1973). However, where, as here, the prosecution's remarks were in response to defense counsel's comment concerning the same subject, no reversible error occurs when the comments were brief and not prejudicial. *People v Blake,* 58 Mich App 685, 689; 228 NW2d 519 (1975).

Affirmed but with an order to vacate the three life sentences specified earlier in this opinion.

QUINN, P. J., did not participate.