*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 4, 2023

Plaintiff-Appellee,

v

No. 359971
Kent Circuit Court
LC No. 19-010673-FC

BYRON ANTOINE MORRIS,

Defendant-Appellant.

Before: SHAPIRO, P.J., and REDFORD and YATES, JJ.

SHAPIRO, P.J. (*concurring in part, dissenting in part*).

I respectfully dissent from the portion of the majority opinion holding that it was not error for the prosecutor to repeatedly refer to the complainant as a "victim." In my view, the invocation of this term, over 70 times including repeatedly during cross-examination of the defendant, is not compatible with due process and the presumption of innocence. I nonetheless concur, however, because under the circumstances of this case defendant cannot show that a different outcome would have resulted absent the error.[1]

The Fourteenth Amendment right to due process includes a presumption of innocence. *People v Beck*, 504 Mich 605, 621; 939 NW2d 213 (2019). "A defendant is entitled to a presumption of innocence as to all charged conduct until proven guilty beyond a reasonable doubt, and that presumption is supposed to do meaningful constitutional work as long as it applies." *Id.* " '[A]xiomatic and elementary,' the presumption of innocence 'lies at the foundation of our criminal law.' " *Nelson v Colorado*, 581 US 128, 135-136; 137 S Ct 1249; 197 L Ed 2d 611 (2017), quoting *Coffin v United States*, 156 US 432, 453; 15 S Ct 394; 39 L Ed 481 (1895). Various conduct has been held to violate the presumption of innocence, including a trial court requiring the prosecutor to refer to the defendant as "defendant" rather than his name during cross-examination.

---

[1] I fully concur in the majority opinion with respect to the other issues raised by defendant on appeal.

*Armstead v United States*, 347 F2d 806; 121 US App DC 22, 23 (1965) ("The presumption of innocence . . . requires no less than that nothing be permitted to trench on that presumption.").[2]

"[T]he legal status of an accuser as victim does not obtain until a conviction is entered." *People v Stanaway*, 446 Mich 643, 678 n 37; 521 NW2d 557 (1994). Despite this, the prosecutor in this case repeatedly referred to the complaining witness as the "victim." This clearly conveyed to the jury that the defendant was guilty because there can be no victim of a crime unless there is a perpetrator. For this reason, multiple courts have held that referring to the complainant as a victim may undermine the presumption of innocence in cases where the defendant denies that a crime occurred. See e.g., *State v Sperou*, 365 Or 121, 133; 442 P3d 581 (2019). The Delaware Supreme Court has specifically held that it is improper for a prosecutor to repeatedly use the term victim "in a case where consent was the sole defense, and the principal issue one of credibility" because it suggests to the jury "that a crime necessarily had been committed." *Jackson v State*, 600 A2d 21, 25 (Del, 1991). The court further explained that

> if the defense of consent were accepted by the jury, no crime would have been proven and the complaining witness would not be deemed a victim. In such cases it is incompatible with the presumption of innocence for the prosecutor to refer to the complaining witness as the "victim," just as it is to refer to the defendant as a "criminal." *Commonwealth v. Johnson*, 516 Pa 527; 533 A2d 994 (1987). In each instance, the use of a particular term assumes the commission of a crime. If there is no dispute that a crime has, in fact, occurred, there is no harm in referring to the existence of a victim. [*Id*.]

I find this reasoning persuasive and applicable to this case, where defendant did not deny that he had sex with the complainant but asserted that it was consensual. Under these circumstances, if the jury is told that there is a "victim," that means defendant is guilty. As always, context matters. In cases where it is undisputed that the crime occurred and only the identify of the perpetrator is at issue, referring to the complainant as a victim is mostly harmless. That was not the case here, however.

I recognize that multiple panels of this Court have rejected challenges to the prosecutor referring to the complainant as a "victim" in CSC cases on the basis that MCL 750.520a(s) defines "victim" as "the person alleging to have been subjected to criminal sexual conduct." See e.g., *People v Jacobs*, unpublished opinion per curiam of the Court of Appeals, issued February 16, 2023 (Docket No. 358738), p 4. In my opinion, these cases are not persuasive.[3] The question is what effect the term "victim" has on the jury. And a jury understands words in their ordinary meaning, see *People v Cabassa*, 249 Mich 543, 549; 229 NW 442 (1930), not according to a statute

---

[2] "Caselaw from sister states and federal courts is not binding precedent but may be relied on for its persuasive value." *Haydaw v Farm Bureau Ins Co*, 332 Mich App 719, 726 n 5; 957 NW2d 858 (2020).

[3] "Unpublished opinions of the Court of Appeals are not binding upon this Court, but may be persuasive." *People v Roy*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359894); slip op at 4 n 2.

-2-

that it has not been instructed on. Other than a case in which the commission of a crime is undisputed and the identity of the perpetrator is the only question, a lay person would understand the word "victim" to mean that the defendant is guilty. I also disagree that the standard "statements of the attorneys are not evidence" instruction is adequate to cure this error, at least not where the word is used over 70 times and repeatedly directed to the defendant during cross-examination.

With that said, this issue was not preserved at trial and so plain-error review applies, which requires defendant to show prejudice, i.e., "that the error affected the outcome of the lower court proceedings." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Typically, in a case presenting a credibility contest, any error may be enough to tip the scales in one party's favor. See *People v Douglas*, 496 Mich 557, 580; 852 NW2d 587 (2014). In this case, however, defendant's account of events is wholly implausible when compared to the complainant's account and the totality of the circumstances. Accordingly, I agree with the majority that defendant is not entitled to relief under plain-error review.

/s/ Douglas B. Shapiro